23881

James R. BIALES, Appellant v. William F. YOUNG, II, Robert H. Gwin, III, and Virginia Property Enterprises and Consultants, Inc., Defendants, of whom Robert H. Gwin, III, is Respondent.

(432 S.E. (2d) 482)

Supreme Court

*H. Buck Cutts,* of *Cutts Law Office,* Surfside Beach, *for appellant.*

*Susan Taylor Wall,* of *Holmes & Thomson,* Charleston, *for respondent.*

Heard May 4, 1993.

Decided June 21, 1993.

TOAL, Justice:

The purchaser of an interest in some resort property brought this action against the seller's attorney alleging the

attorney breached his duties as escrow agent and violated state securities law. The trial court granted the attorney's motion for summary judgment on both causes of action. We affirm.

## FACTS

Virginia Property Enterprises and Consultants, Inc. (hereinafter "Virginia Property") owned twelve condominium units located at Reflections Resort in Garden City. William Young, the President of Virginia Property, negotiated a loan of $275,000 from Jim Biales, the plaintiff in this action. The loan was secured by a promissory note and a second mortgage on the units in Garden City. Biales was also to receive two percent equity participation in Litchfield Plantation once it was purchased by Virginia Property. Attorney Gwin, the defendant in this action, represented Young and Virginia Property. Biales was represented by his own attorney.

Biales and Young executed an escrow agreement which provided that proceeds of the loan were to be held in escrow for the purchase of Litchfield Plantation. Gwin was to act as escrow agent for the transaction. However, the copy of the agreement held by Gwin, which admittedly was signed only by Young, did not include this escrow condition. Gwin denies knowledge of the condition that the money be held for this purpose. Rather, Gwin believed the loan proceeds were to be disbursed directly to Virginia Property.

After receiving the loan amount, Gwin wrote to Biales' attorney twice outlining the disbursement procedure as he believed it to be pursuant to the version of the Young and Biales' agreement which had been supplied to Gwin. Gwin attached a copy of this agreement, providing for disbursement to Virginia Property, to his letters to Biales' attorney. The letters urged Biales' attorney to respond within a specified time if the procedure outlined was not acceptable to Biales. Neither Biales nor his attorney responded. Accordingly, once the other escrow conditions were met, Gwin disbursed the money directly to Virginia Property. Virginia Property never purchased Litchfield Plantation but used the money in part to cure the default of its first mortgage. Virginia Property did not pay on the note to Biales when it became due and eventually filed for bankruptcy.

Biales brought this action against Gwin alleging Gwin negligently breached his fiduciary duty as an escrow agent and violated South Carolina Uniform Securities Act. Gwin moved for summary judgment, which was granted on both causes of action. The trial court granted Gwin's motion for summary judgment on the breach of fiduciary duty cause of action on the grounds that Biales had waived and ratified the breach of the escrow agreement and was further estopped from asserting the existence of a breach. The trial court granted summary judgment on the securities cause of action, finding that Gwin was not a seller under the South Carolina Uniform Securities Act. Biales appeals.

## ISSUES

(1) Did the trial court err in dismissing the action against Gwin alleging breach of fiduciary duty as escrow agent?

(2) Did the trial court err in dismissing the action alleging a Securities Act violation?

## LAW/ANALYSIS

### Breach of Fiduciary Duty as Escrow Agent

Biales alleges Gwin breached his fiduciary duty as an escrow agent in disbursing funds to his client, Virginia Property, instead of holding the money in "Litchfield Plantation purchase escrow," as required by the escrow agreement signed by both Biales and Young. The trial court found that, taking the presented facts in the light most favorable to Biales, the only reasonable inference was that Biales waived and ratified the breach of this requirement by not responding to the letters sent by Gwin. Alternatively, the trial court found Biales was estopped by his conduct from enforcement of this requirement. On appeal, Biales does not appeal the finding of waiver, ratification, or estoppel. Failure to argue is an abandonment of the issue and precludes consideration on appeal. S.C.A.C.R. Rules 207(b)(1)(B), (D) and 210(b). *See also Howell v. Pacific Columbia Mills*, 291 S.C. 469, 354 S.E. (2d) 384 (1987) (under former rules). Accordingly, we affirm the trial court's ruling on this issue.

### Securities Act Violation

Biales' appeal addresses only the alleged violation and

cause of action under section 35-1-1490(2)[1] of the Uniform Securities Act, which provides in pertinent part:

> Any person who: . . . Offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, the buyer not knowing of the untruth or omission, and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission; [i]s liable to the person buying the security from him. . . .

S.C. Code Ann. § 35-1-1490(2) (1987). An "offer" or "offer to sell" includes every attempt or offer to dispose of, or solicitation of an offer to buy, a security or interest in a security for value. *Id.* § 35-1-20(10)(b). A "sale" includes every contract of sale of, or disposition of, a security or interest in a security for value. *Id.* § 35-1-20(10)(1).

The trial court determined that there was no evidence that Gwin offered, solicited an offer, or passed title to the alleged securities,[2] and thus was not liable under section 35-1-1490(2). We agree.

Section 35-1-1490(2) is substantially similar to section 12(1) of the Federal Securities Act.[3] Accordingly, federal precedent, although not binding, may be applied as guidance in interpretation. *Bradley v. Hulander*, 272 S.C. 6, 249 S.E. (2d) 486 (1978). In *Pinter v. Dahl*, 486 U.S. 622, 108 S.Ct. 2063, 100 L.Ed. (2d) 658 (1988), the United States Supreme Court held "a person who offers or sells a security" is not limited to the owner who passes title; however, a nonowner must (1) solicit the purchase and (2) be motivated at least in part by a desire to serve his own financial interest or that of the owner of the security. The *Pinter* decision resolved a split in the circuits, some of which required privity and others of which applied a substantial factor or prominent cause

---

[1] The complaint also alleged a violation of S.C. Code Ann. § 35-1-1500 (1987). However, Biales does not appeal the dismissal of this action.

[2] The parties assumed, for the purpose of the summary judgment, this investment contract falls under the Uniform Securities Act.

[3] Codified at 15 U.S.C.A. § 77(*l*) (1981).

test. The *Pinter* court, in rejecting the substantial factor test employed by some circuits, specifically noted the test was too broad, as it exposed accountants and lawyers to liability whose only involvement is in the performance of their professional services. *Id.* at 651, 108 S.Ct. at 2081, 100 L.Ed. (2d) at 684-5. Our Court of Appeals adopted the *Pinter* test and applied it to the South Carolina Act in *Allen v. Columbia Financial Management*, 297 S.C. 481, 377 S. E. (2d) 352 (Ct. App. 1988).[4] We agree the *Pinter* test is consistent with the language of section 35-1-1490 and satisfies the legislative purpose of assuring truth in the sales of securities and a predicable application of liability. We, therefore, adopt the *Pinter* definition of a person "who offers or sells a security" as applicable to section 35-1-1490.

According to the evidence in the record, including the affidavit of Biales, Gwin spoke directly to Biales on three or four occasions, assuring him of certain facts relevant to the transaction and Gwin's responsibility as escrow agent. However, there is no evidence Gwin persuaded or urged Biales to purchase the securities. Therefore, Gwin did not sell or offer this security and cannot be held liable under section 35-1-1490. Accordingly, the trial court correctly granted Gwin's motion for summary judgment on this cause of action.

We affirm.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.

---

[4]The *Pinter* Court's definition of statutory seller expressly applied only to the provision prohibiting the sale of unregistered securities, section 12(1) of the Federal Act, which is comparable to S.C. Code Ann. § 35-1-1490(1) (1987). *Pinter*, 486 U.S. at 642, n. 20, 108 S.Ct. at 2076, n. 20, 100 L.Ed. (2d) at 679, n. 20. However, as noted by the *Allen* court, the identical language applies to the misrepresentation provision of section 12(2) and federal courts have applied the *Pinter* standard to this provision as well. *See Ryder Intern Corp. v. First American Nat. Bank*, 943 F. (2d) 1521, n 11 (11th Cir. 1991) and cases cited therein.