24493

Sandra ANDERSON and Paul Anderson, Appellants v.
Marvin J. SHORT, Respondent.

(476 S.E. (2d) 475)

Supreme Court

---

*Charles L. Henshaw, Jr.,* of *Furr and Henshaw, Columbia,* for appellants.

*E. Brown Parkinson, Jr.* and *Hamilton E. Russell,* of *Haynsworth, Marion, McKay & Guerard, L.L.P.,* Greenville, for respondent.

Heard June 19, 1996.

Decided Sept. 23, 1996.

WALLER, Justice:

On appeal is an order dismissing Appellants' complaints as barred by the statute of limitations. We affirm.

## FACTS

Sandra Anderson began seeing Dr. Marvin Short, a psychiatrist, in August 1983 for pain management. She was under his continuous care for this and other ailments until March 1991, when she was admitted into a hospital for treatment of sub-

stance abuse and drug addiction. She filed suit against Dr. Short on January 13, 1994 alleging her addiction was caused by Dr. Short's negligence in prescribing drugs during the time period in which he was his patient. Paul Anderson, Sandra's husband, brought an action for loss of consortium.

The trial judge found both actions were barred by the statute of limitations.

## ISSUES

I. Is the medical malpractice claim barred by the statute of limitations?

II. Is the loss of consortium claim barred by the statute of limitations?

## DISCUSSION

### I. *Medical Malpractice Claim*

An action for medical malpractice "shall be commenced within three years from the date of treatment, omission or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered, not to exceed six years from date of occurrence." S.C. Code Ann. § 15-3-545 (Supp. 1995). The trial judge found Sandra's action was time barred because she had at least constructive notice of a potential claim against Dr. Short for three to four years before her treatment with him ended in March 1991. Thus, the statute of limitations began to run at the time of her discovery and ended three years later, long before she brought this action in 1994.

Sandra concedes that under application of the "discovery rule," her complaint is untimely. Rather, she argues this court should adopt the continuous treatment rule. According to this rule, "if the treatment by the doctor is a continuing course and the patient's illness, injury or condition is of such a nature as to impose on the doctor a duty of continuing treatment and care, the statute does not commence running until treatment by the doctor for the particular disease or condition involved has terminated." David W. Louisell & Harold Williams, *Medical Malpractice*, ¶ 13.02[3] (1995). Under this rule, Sandra argues the statute of limitations would be tolled until March of 1991, when her treatment with Dr. Short ended.

Many states have adopted some version of the continuous treatment rule. However, most courts will not apply the rule to toll the running of a statute of limitations if before treatment ends the patient discovers or should have discovered the injury giving rise to the cause of action. *See, e.g., Ballenger v. Crowell*, 38 N.C. App. 50, 247 S.E. (2d) 287 (1978). *See also* Louisell & Williams, *supra*, at ¶ 13.02[3]; 54 C.J.S. *Limitations of Actions* § 174 (1987); 61 Am. Jur. (2d) *Physicians, Surgeons, Etc.* § 316 (1981). Were we to adopt the continuous treatment rule in this state, we would be inclined to conform with the majority of jurisdictions in limiting its application in the manner described above. *See Preer v. Mims*, — S.C. —, 476 S.E. (2d) 472 (1996) (Davis Adv. Sh. No. 25 at 3). Sandra has conceded she discovered her addiction more than three years prior to the time she brought her action. Thus the action would still be untimely notwithstanding our adoption of the continuous treatment rule, which, under these facts, we expressly decline to decide.

## II. *Loss of Consortium*

In his order, the trial judge ruled against Paul on two grounds. First, the judge ruled Paul was barred by the discovery rule because he was on constructive notice of a potential claim against Dr. Short for more than three years before the action was commenced. Second, the judge ruled a claim for loss of consortium was derivative and thus bound by the decision regarding Sandra's claim. Paul has only challenged the second ground. Because he has not appealed on all grounds, the trial court's decision is affirmed. *Biales v. Young*, 315 S.C. 166, 432 S.E. (2d) 482 (1993) (where a decision is based on more than one ground, the appellant court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case).

## CONCLUSION

If the continuous treatment rule with the above-discussed discovery exception were the law in South Carolina, it would not be used to toll the accrual of a medical malpractice action for patients who discovered their injury giving rise to a cause of action during treatment. With or without the rule, Sandra's claim is untimely because she discovered a potential claim against the defendant long before her last date of treatment

with him and more than three years before bringing this action. We also affirm the trial judge's dismissal of Paul's action for loss of consortium.

Accordingly, the order of the trial court is AFFIRMED.

FINNEY, C.J., TOAL, MOORE, and BURNETT, JJ., concur.