THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Charleston County Department of Social Services,
Respondent,
v.
Willie Mae Grant, William Creel and John Doe  and   Ke Shundra Charmain 
 Bianca Creel, a child, D/O/B 5/29/91; W. Jay Zahn Asaas Armand Creel, 
 II, a child, D/O/B 12/16/92, Defendants,
of whom William Creel is Appellant.
 
 
 

Appeal From Charleston County
 Frances  P. Segars-Andrews, Family 
 Court Judge

Unpublished Opinion No. 2005-UP-046
Submitted January 1, 2005  Filed January 
 19, 2005

AFFIRMED

 
 
 
B. Craig Killough and 
 Arthur C. Pelzer, both of Charleston, for Appellant.
Frampton Durban, Jr. 
 and Sally C. Dey, both of North Charleston, for Respondent.
 
 
 

PER CURIAM: In this family court action, William 
 Creel alleges the trial court erred in terminating his parental rights.  Creel 
 fails to take exception, however, to a number of grounds on which the family 
 court relied.  Failure to argue these issues is an abandonment and precludes 
 consideration of them on appeal.  Biales v. Young, 315 S.C. 166, 168, 
 432 S.E.2d 482, 484 (1993).  Furthermore, where a trial court rules on more 
 than one ground, an unappealed ground will become the law of the case and the 
 trial courts ruling will be affirmed.  Anderson v. Short, 323 S.C. 522, 
 525, 476 S.E.2d 475, 477 (1996).  
The family court based termination of Creels parental 
 rights, in part, on the fact that the children have been in foster care for 
 15 of the last 22 months and have been out of the home for six months and the 
 parent has not remedied the conditions which caused their removal.  See 
 S.C. Code Ann. § 20-7-1572(2) & (8) (Supp. 2004).  After a thorough review 
 of the record we are convinced that termination is in the childrens best interests.  
 See Doe v. Baby Boy Roe, 353 S.C. 576, 579, 578 S.E.2d 733, 735 
 (Ct. App. 2003).  Accordingly, we affirm the family courts decision.  See 
 Dwyer v. Tom Jenkins Realty, Inc., 289 S.C. 118, 120-121, 344 S.E.2d 
 886, 888 (Ct. App. 1986) (affirming the circuit court when unchallenged alternative 
 findings support the judgment); 5 Am. Jur. 2d Appellate Review § 829 
 at 489 (1995) (where a separate and independent ground from the one appealed 
 supports the judgment made below, and is not challenged on appeal, the appellate 
 court must affirm.).  In light of our ruling, we need not address the merits 
 of the other issues raised on appeal.  See Rule 220 (c), SCACR; Futch 
 v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 
 591, 598 (1999) (holding appellate courts need not address remaining issues 
 when the disposition of a prior issue is dispositive).  
AFFIRMED. [1] 
HEARN, C.J., GOOLSBY and WILLIAMS, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.