THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 Katherine Gonick,       
 Respondent,
 
 
 

v.

 
 
 
 Charlie Saad Dalton
 Carpets,        Appellant.
 
 
 

Appeal From Greenville County
Charles B. Simmons, Jr., Master In Equity

Unpublished Opinion No.
2005-UP-417
Submitted May 1, 2005  Filed June 27, 2005

AFFIRMED

 
 
 
 William S. Brown and Peter
 G. Siachos, both of Greenville, for Appellant.
 Craig Horger Allen, of Greenville,
 for Respondent.
 
 
 

PER CURIAM:  Charles
Saad appeals from a determination holding him personally liable for a judgment
against Charlie Saad Dalton Carpets.  We affirm.[1]
FACTS
In December 1999, Katherine Gonick
purchased carpet from Dalton Carpets of Greenville and entered into a verbal
contract for its installation.  However, due to delays and damage, the
carpet was never properly installed.  
On February 22, 2000, Gonick signed
a complaint in magistrates court naming Charlie Saad (Dalton Carpets)
as the defendant.  On March 1, 2000, Gonick served a summons and complaint
on Dalton CarpetsCharles Saad.  The court entered a five thousand
dollar judgment against Charlie Saad Dalton Carpets on April 24,
2000.  Saad did not appeal from the magistrates judgment. 
Thereafter, when Saad did not pay the judgment Gonick initiated supplemental
proceedings in an attempt to find assets available to satisfy the judgment.
During a supplemental proceeding,
Gonick requested information about Charles Saads personal assets.  Saad
objected on the basis the judgment was not against him personally, but against a
business he once owned.  Saad had owned and operated Asia Rug Company,
Inc., which did business as Dalton Carpets of Greenville, from June 1996
until December 1999.  In late 1999, Saad became ill and closed his carpet
business.  When Saad recovered, he opened another carpet business some time
around July of 2000 at another location and incorporated it as Charles Saad
Dalton Carpets, Inc., which also did business as Dalton Carpets of
Greenville.  The underlying cause of action in this case resulted from
Gonicks purchase of carpet in late 1999. 
The trial court overruled Saads
objection to requests for information concerning his personal assets because the
court interpreted the judgment against Charlie Saad Dalton Carpets as
meaning Charlie Saad doing business as Dalton Carpets.  Saad argued that he
had never operated his business as a sole proprietorship.  Ultimately, the
court found Charles Saad was personally liable.  Saad appeals.
LAW/ANALYSIS
Saad argues the trial court erred by
determining that he was personally liable because the work at issue was
performed by Asia Rug Company, which was properly incorporated, and therefore,
he is insulated from any personal liability.  Saad also points to Asia Rug
Companys ability to operate under a trade name and suggests that he operated
his business under the trade name Charlie Saad Dalton Carpets.
It is a fundamental rule of law
that an appellate court will affirm a ruling by a lower court if the offended
party does not challenge that ruling. Lindsay v. Lindsay, 328
S.C. 329, 338, 491 S.E.2d 583, 588 (Ct. App. 1997).  Failure to
challenge the ruling is an abandonment of the issue and precludes
consideration on appeal. Id. (quoting Biales v. Young, 315
S.C. 166, 168, 432 S.E.2d 482, 484 (1993)).  The unchallenged ruling,
right or wrong, is the law of the case and requires affirmance.  Id.
(quoting Buckner v. Preferred Mut. Ins. Co., 255 S.C. 159, 161, 177
S.E.2d 544, 544 (1970)).
Saad had notice of the lawsuit,
responded to it, and suffered the judgment to be entered against his individual
trade name.  Thereafter, Saad did not challenge the magistrates
ruling.  Thus, Saad abandoned the issue of the use of his trade name in the
lawsuit, and the unchallenged ruling has become the law of the case. 
AFFIRMED.
HEARN, C.J., BEATTY, and SHORT,
JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215,
SCACR.