THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
David T. Brunson, Appellant,
v.
Chantalle M. C. Brunson, Respondent.
 
 
 

Appeal From Charleston County
 Paul W. Garfinkel, Family Court Judge
  Deadra L. Jefferson, Family Court Judge
 William J. Wylie, Jr., Family Court Judge

Unpublished Opinion No. 2006-UP-115
Submitted January 1, 2006  Filed February 22, 2006

AFFIRMED in part, REVERSED in part

 
 
 
Cynthia Barrier Castengera, of Newland and David Dusty Rhoades, of Charleston, for Appellant.
Chantalle Irland, of Lakewood, for Respondent.
Jon A. Mersereau, of Charleston, for Guardian Ad Litem.
 
 
 

PER CURIAM: David Brunson appeals several aspects of a family court order that arise from a change of custody dispute with Chantalle Brunson.  We affirm in part, reverse in part.
FACTS
David Brunson (Father) and Chantalle Brunson[1] (Mother) married in 1994.  They have one child, Kristen (Child), born on January 17, 1995.  In 1999, the parties divorced based on one years continuous separation.  The divorce order approved the parties custody agreement, which awarded joint custody of Child with Mothers residence being the primary residence.  It also required the Brunsons to attend joint counseling sessions.  Further, the agreement required Mother to notify Father of her intention to move within sixty days of the move.  Less than two months after the divorce, Mother and Child relocated without disclosing their whereabouts. 
Based on Mothers disappearance, Father filed a complaint on May 6, 1999, seeking modification of custody, visitation, and child support.  Father alleged he was deprived of visitation and that Mother violated the terms of the court order by not providing notice of her intention to move.  Father indicated that he did not know Mothers exact whereabouts and was unable to personally serve the pleadings.  Because Father asserted he had no information about Mothers whereabouts other than in the Charleston, South Carolina, area, he was granted permission to serve Mother via publication in the local Post and Courier newspaper.  
During the initial merits hearing on November 4, 1999, which was not attended by Mother, Judge Jefferson found Mother in violation of the prior order and awarded physical custody to Father.  She also included an unusual provision in the order that allowed Mother to challenge the order within five days of personal service.  Mother challenged the order in a timely fashion by filing a motion to vacate.  The court held a lengthy hearing that extended over several days and resulted in Mother retaining physical custody.  
The family court judge heard testimony from Dr. Diane Hamrick, a psychologist.  The prior court order required the Brunsons to attend joint counseling sessions with the caveat that under no circumstances are any of the discussions in these therapy sessions to be admitted into evidence in the Family Court of South Carolina . . . .  During one of the counseling sessions, Father made a comment that Dr. Hamrick interpreted as a threat on Mothers life.  As a result, Dr. Hamrick withdrew from counseling the Brunsons and reported the threat to the guardian ad litem.  Fathers exact words and his intent remain in dispute.  Father contends his intention was to arrange a date when he said he wished that he had let a friend take her out when he wanted to.  Dr. Hamrick, however, recalls Father saying he knew someone who would get rid of her for him.  
Based on representations in the motion, affidavits, and testimony that Father could not determine Mothers whereabouts when he requested to serve process by publication, the Judge found that Father and his attorney deliberately failed to disclose . . . information to the court.  The court cited an affidavit signed by Father, in which he stated a Charleston area P.O. Box address was the only address [he had] for her [at the time].  During the motion to vacate hearing, he further described the extensive measures taken to locate Mother and Child.  The family court judge determined that at the time the affidavit was signed and the hearings were conducted, Father was aware of a specific address in Colorado that Mother recently used.  Father contends this address was an old address and was not valid when he signed the affidavit and gave his testimony.  
Mother contends she left the Charleston area because of Fathers threats and intimidation.  Judge Jefferson continued custody with Mother and awarded her $5,000.00 in attorney fees.  Further, the judge found Father violated the divorce decree by failing to comply with a mutual restraining order.
During the motion to vacate hearing, Fathers attorney moved for the judge to recuse herself on the grounds that she was biased against him and that she made up her mind on the merits of the case before the conclusion of the testimony.  The judge denied the motion.  
After concluding all proceedings related to the motion to vacate, the judge recused herself on October 6, 2000.  The judge then sent a copy of her order on the motion to vacate to the grievance committee as her complaint against Fathers counsel.  
Judge Wylie presided over the subsequent trial on the merits and ultimately awarded Mother sole custody of Child, denied the parties requests for attorneys fees, and declined to hold Father in contempt. 
STANDARD OF REVIEW
In appeals from the family court, the appellate court has authority to find facts in accordance with its own view of the preponderance of the evidence.  This does not require the appellate court, however, to disregard the findings of the family court, which saw and heard the witnesses.  McElveen v. McElveen, 332 S.C. 583, 591, 506 S.E.2d 1, 5 (Ct. App. 1998).
In order for a court to grant a change of custody based on changed circumstances, the party seeking the change must meet the burden of showing changed circumstances occurring subsequent to the entry of the order in question.  Shirley v. Shirley, 342 S.C. 324, 330, 536 S.E.2d 427, 430 (Ct. App. 2000).  (T)he change of circumstance relied on for a change of custody must be such as would substantially affect the interest and the welfare of the child, not merely the parties, their wishes or convenience Id. (quoting Sharpe v. Sharpe, 256 S.C. 517, 521, 183 S.E.2d 325, 327 (1971)).  This change of circumstances must amount to a material change of conditions.  Bolding v. Bolding, 278 S.C. 129, 130, 293 S.E.2d 699, 700 (1982) (emphasis added).
Custody decisions are matters left largely to the discretion of the trial court.  Stroman v. Williams, 291 S.C. 376, 378, 353 S.E.2d 704, 705 (Ct. App. 1987).  An abuse of discretion occurs either when the court is controlled by some error of law or where the order, based upon findings of fact, lacks evidentiary support.  McKnight v. McKnight, 283 S.C. 540, 543, 324 S.E.2d 91, 93 (Ct. App. 1984).  
LAW/ANALYSIS
I.      Jurisdiction 
Father contends the family court judge did not have jurisdiction to allow Mother to challenge the initial order by petitioning the family court for review within five days of personal service.  We disagree.
A portion of a judgment that is not appealed presents no issue for determination by the reviewing court and constitutes, rightly or wrongly, the law of the case.  Austin v. Specialty Transp. Servs., 358 S.C. 298, 320, 594 S.E.2d 867, 878 (Ct. App. 2004).  It is a fundamental rule of law that an appellate court will affirm a trial courts ruling if the offended party does not challenge that ruling.  Biales v. Young, 315 S.C. 166, 168, 432 S.E.2d 482, 484 (1993).  Failure to challenge the ruling is an abandonment of the issue and precludes consideration on appeal.  Id. at 168, 432 S.E.2d at 484.  
The judges order dated December 21, 1999, allowed Mother to challenge her ruling.  Specifically, the judge stated she heard only one part of the story regarding issues raised by the pleadings and, as a result, provided Mother with an opportunity to challenge the order and review its decision.  Father did not appeal this order.  Since Father did not challenge any part of this order, it is the law of the case and may not be altered on appeal.
II.  The Order of Publication
Father argues the judge erred by finding the order of publication defective.  We disagree.
The judge found the original order of publication defective because of misrepresentations Father made to the court.  An order of publication is properly issued when it is supported by an affidavit alleging that the affiant has exercised due diligence and was unable to find the person to be served.  See S.C. Code Ann. § 15-9-710 (2005).  The [statute] does not specify the character of the facts and circumstances which must be stated in the affidavit or the quantity of evidence necessary to satisfy the officer before ordering publication.  It simply requires that it must appear to [the issuing officers] satisfaction . . . [and] when he is satisfied, in the absence of fraud or collusion, it is final.  Yarbrough v. Collins, 293 S.C. 290, 292-93, 360 S.E.2d 300, 301 (1987).  
In this case, the judge found that Father and his attorney possessed information regarding Mothers whereabouts, namely a letter from a private investigator, which supplied recently used addresses in Colorado.  Concluding that the decision to allow notice by publication was based on deception, the family court determined the order was defective.  Because there is evidence in the record to support the judges conclusion, it will not be disturbed on appeal.  
III.  Recusal
Father contends the judge erred by not recusing herself.  We disagree.
A judge should disqualify [herself] in a proceeding in which [her] impartiality might reasonably be questioned, including, but not limited to, instances where she has a personal bias or prejudice against a party.  Murphy v. Murphy, 319 S.C. 324, 331, 461 S.E.2d 39, 42 (1995).  It is not enough for a party to allege bias; a party seeking disqualification of a judge must show some evidence of bias or prejudice.  Christensen v. Mikell, 324 S.C. 70, 74, 476 S.E.2d 692, 694 (1996).  However, such bias must stem from an extrajudicial source and result in [decisions] based on information other than what the judge learned from [her] participation in the case.  Roper v. Dynamique Concepts, Inc., 316 S.C. 131, 139, 447 S.E.2d 218, 223 (Ct. App. 1994).  [R]eversal is mandated only where there is evidence of judicial prejudice.  Felder v. Charleston County Sch. Dist., 327 S.C. 21, 26, 489 S.E.2d 191, 194 (1997).  Evidence of judicial prejudice may be established by showing that the record does not support the courts findings.  Ellis v. Procter & Gamble Distrib. Co., 315 S.C. 283, 285, 433 S.E.2d 856, 857 (1993).
Father failed to provide evidence of extra-judicial bias or prejudice.  Furthermore, a review of the record shows the courts interaction with Fathers counsel did not rise to the level of demonstrating bias.  The record also supports the judges findings.  Accordingly, we affirm the judges decision to deny the request for recusal.  
IV.     Dr. Hamricks Testimony 
Father argues the family court judge erred by admitting Dr. Hamricks testimony.  We disagree.
The public policy protecting confidential communications must be balanced against the public interest in the proper administration of justice.  Floyd v. Floyd, 365 S.C. 56, 89, 615 S.E2d 465, 483 (Ct. App. 2005).  To warrant a reversal based on the admission of evidence, the appellant must show both error and resulting prejudice.  Commerce Ctr. Of Greenville, Inc. v. W. Powers McElveen Assocs. Inc., 347 S.C. 545, 556 S.E.2d 718 (Ct. App. 2001).  
The prior court order providing for counseling sessions clearly stated that under no circumstances are any of the discussions in [the] therapy sessions to be admitted into evidence in the Family Court of South Carolina . . . .  The parties agreed to the counseling as part of the resolution of the custody issue.  It is unreasonable, and we believe against public policy, to allow these sessions to provide an open forum for one parent to make threats or to otherwise intimidate the other parent.
We find the confidentiality provision in question here was intended to facilitate candid discourse between Father and Mother with the ultimate goal of protecting Childs best interests.  Neither the judge, nor the parties could have contemplated these counseling sessions would protect illegal activity or statements such as making a threat on anothers life.  Public policy mandates that we take such an approach.  Furthermore, Father has not shown prejudice resulted from admitting Dr. Hamricks statement.  Even if Fathers statement was not proven to be a threat, the record shows other instances of Fathers abusive, threatening and harassing behavior. 
V.         Attorneys Fees 
Father argues the judge erred in awarding Mother attorneys fees resulting from the motion to vacate.  We agree.
 There is no indication in the order the family court took into account the factors of either E.D.M. v. T.A.M., 307 S.C. 471, 415 S.E.2d 812 (1992), or Glasscock v. Glasscock, 304 S.C. 158, 403 S.E.2d 313 (1991).  This court finds both parties contributed to the events leading up to the motion to vacate the December 19, 1999 order.  Fathers conduct and deception and the manner in which Mother left South Carolina contributed to the necessity for court intervention.  Therefore, both parties are responsible for paying their own fees.
VI.  Divorce Decree
Father argues the judge erred in finding Father violated the divorce decree.  We disagree.
The family court found Father violated the divorce decree, which contained a mutual restraining order prohibiting the parties from harassing each other.  This finding was specifically based on Father threatening Mothers life and confronting her at her place of residence.  The family court  did not order any specific sanction as a result of this finding.  
The trial judge was in a superior position to judge the witness demeanor and veracity, and therefore, [her] findings should be given broad discretion.  Woodall v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996).  Upon review of the record, there is evidence to justify the courts finding that Father violated the divorce decree by threatening Mothers life and harassing Mother at her place of residence.  
VII.  Vacating the Default Order
Father argues the family court erred by vacating her earlier order giving custody to Father.  We disagree.
The family court vacated the earlier order based upon reasons discussed in Sections I and II.  Based on our earlier findings, we affirm the family court.
VIII.    Gross Misrepresentations 
Father argues the family court erred by finding Father and his counsel made gross misrepresentations to the court.  We disagree.
The court based this particular finding on, among other things, evidence that Father and his counsel had possession of a letter from Dr. Hamrick regarding the threat before the initiation of this case and failed to disclose the letter or the information contained in it.  
The judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  McElveen 332 S.C. at 591, 506 S.E.2d at 5.  Here, Father has failed to meet his burden to convince this court that the family court judge erred in her factual findings.  See generally, DuBose v. DuBose, 259 S.C. 418, 192 S.E.2d 329 (1972).  The order contains findings of fact regarding various misrepresentations and incomplete disclosures, which prompted the court to make its ruling.  Because there is evidence in the record to support her findings, the judges decision will not be disturbed.  
IX.      Custody 
Following the trial on the merits, Judge Wylie concluded Childs best interests would be served by Mother receiving sole custody and Father having visitation privileges.  Father argues that because Mother did not present any pleadings seeking sole custody, the court erred in granting such relief.  We disagree.
Either party seeking a change in custody must show facts substantially affecting the childs best interests and well being.  See Shirley v. Shirley, 342 S.C. 324, 330, 536 S.E.2d 427, 430 (Ct. App. 2000).  The family court considered how its custody decision would impact all areas of Childs life, including physical, psychological, spiritual, educational, familial, emotional, and recreational aspects.  See Hollar v. Hollar, 342 S.C. 463, 472, 536 S.E.2d 883, 888 (Ct. App. 2000).  
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings . . . [and] failure [to so] amend does not affect the result of the trial of these issues.  Rule 15(b), SCRCP.  An appellant has a duty to provide this Court with a record sufficient for review of the issues on appeal.  State v. Tyndall, 336 S.C. 8, 17, 518 S.E.2d 278, 283 (Ct. App. 1999).  The record Father provided does not include any of Mothers testimony.  Therefore, we are left to look at the judges order to determine whether Mother asked for sole custody.  Because the order clearly shows Mother did testify ([m]others testimony made it clear to the Court that she would like . . . her common law husband [to be Childs] father.), we are left to infer that she did seek custody.  Therefore, we hold the issue of custody was tried by the consent of both parties and does not need to be formally pled to be considered by this court.
Mother represents herself in this appeal and did not supply this court with a brief or contribute to the record on appeal.  Although we do not expressly know what Mother pled at trial, we do know that custody was the crux of the case and the focus of the December 3, 2003 order.  The trial judge considered all of the appropriate factors used to determine whether circumstances changed sufficiently to alter custody.  The family court ultimately decided that Father did not prove a sufficient change of circumstances and Mother did prove a substantial change of circumstances.  The family court found that the social, educational, spiritual, medical, familial, and recreational aspects of Childs life continue to develop successfully in Mothers care.  Additionally, Mother has remarried and is able to devote herself full time to caring for Child.  Child is enrolled in private school and active in Girl Scouts, tee ball, music, and dance.  Mother proved that the move to Colorado has been beneficial for the child.  
Father concedes the child is doing well academically and socially, but argues the Mother moved to Colorado to alienate him from the child.  The family court found that Mother left after difficulties exchanging Child for visitation with Father.  Fathers conduct included bullying and spiteful conduct in an effort to intimidate Mother.
 While this court does not condone Mothers failure to comply with the notice provisions of the initial order, it does appear that the Child is thriving due to Mothers efforts.  This fact along with Fathers conduct are significant changes warranting the family courts determination it was in Childs best interest to award Mother sole custody of Child with visitation to Father.  
Accordingly, the family courts decision is
 AFFIRMED in part, REVERSED in part.[2]
STILWELL, KITTREDGE, and WILLIAMS, JJ., concur. 

[1] Mother currently goes by the name Chantalle Irland.  She is representing herself pro se and did not file a brief for this appeal.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.