THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Robert J. Tretola, Appellant,
v.
David Summer; Parker Poe Adams & Bernstein,
L.L.P.; David Miller; Daniel McKay; and Lancaster Hospital Corporation, d/b/a Springs Memorial Hospital,
Respondents.
 
 
 

Appeal From Lancaster County
 Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2006-UP-357
Submitted October 1, 2006  Filed October 23, 2006

AFFIRMED

 
 
 
Robert J. Tretola, of Lancaster, pro se.
Don S. Rushing, of Lancaster, for Respondents Daniel McKay and Lancaster Hospital Corporation, d/b/a Springs Memorial Hospital.
Pope D. Johnson, III, of Columbia, for Respondent Parker Poe Adams & Bernstein, L.L.P.
 
 
 

PER CURIAM: Robert J. Tretola appeals the trial courts grant of summary judgment to Parker Poe Adams & Bernstein, L.L.P. (Law Firm), Daniel McKay, and Lancaster Hospital Corporation, d/b/a Springs Memorial Hospital (Hospital), on Tretolas causes of action for violation of his attorney-client privilege, invasion of privacy, civil conspiracy, and breach of contract.  We affirm.[1]
FACTS
The present litigation arose out of a lawsuit in the federal court between Hospital and SouthCross Surgery Center, L.L.C., both of whom were vying for a certificate of need (CON) to establish an ambulatory surgery center in Lancaster County, South Carolina.  
SouthCross was formed in September 2002 by Tretola, a Lancaster physician working as a surgeon for Hospital, and several surgeons from the Charlotte area.  About the same time SouthCrosss CON application was pending, twelve investors, including Tretola and McKay, Hospitals chief executive officer, formed SportSouth, L.L.C., a land development company.  SportSouth later entered into an arrangement with Hospital whereby SportSouth would build use property on which it had acquired an option to build an ambulatory surgery center that Hospital would lease.  By letter dated July 29, 2003, Tretola communicated to McKay his support of this endeavor.
In the spring of 2003, Tretola, on McKays advice, had met with attorney David Summer, who was affiliated with Law Firm, and retained Law Firm to seek a withdrawal from SouthCross and a refund of his investment interest.  Although Law Firm initiated a lawsuit on Tretolas behalf claiming damages for breach of contract and breach of fiduciary duty, Tretola later expressed frustration with Law Firm and hired a different attorney to take over his case.
During the course of Tretolas lawsuit, SouthCross deposed both Tretola and McKay.  Apparently, their testimony conflicted about certain events leading up to DHECs review of SouthCrosss CON application.  Subsequently, DHEC issued a CON to Hospital and denied a CON to SouthCross.  SouthCross then filed a lawsuit in the federal district court against Hospital, SportSouth, McKay, and Tretola, alleging civil conspiracy.
During the federal litigation, SouthCross deposed a SportSouth partner who produced a letter dated February 19, 2004, from Summer to Hospitals corporate attorney.[2]  According to the letter, it was copied to both McKay and Miller, Hospitals president.  In the letter, Summer suggested Tretolas speculative statements during the deposition he gave in his own lawsuit against SouthCross resulted in the federal court action.  Summer also noted he previously represented Tretola and the two had mutually agreed to end the relationship.
Hospital and McKay asked the federal court for an order protecting the letter as a privileged attorney-client communication.  Although the district court held Hospital and McKay had waived their attorney-client privilege regarding information in the letter, it protected information in the letter pertaining to Tretola on the ground that he had not waived his attorney-client privilege. 
After discovering the letter, Tretola filed a complaint alleging (1) violation of his attorney-client privilege by Summer and Law Firm for disseminating information in the letter; (2) invasion of his right to privacy against Summer, Miller, and McKay for publishing the letter to SportSouth and Edwards; and (3) civil conspiracy against Hospital, Summer, Miller, and McKay for attempting to make Tretola a scapegoat in the pending federal action.  Tretola further alleged Hospital, through McKay and Miller, breached an oral contract whereby Tretola would provide a statement in favor of granting a CON to Hospital and receive first priority to invest in the new ambulatory surgery center.  
McKay and Hospital answered and moved to dismiss.  Law Firm also filed a motion to dismiss.  The trial court held a hearing, at which Law Firm, McKay, and Hospital (collectively Respondents) converted their motions and asked for summary judgment.  The trial court granted summary judgment to Respondents.[3]  This appeal followed.
DISCUSSION
1.  Tretolas first issue on appeal concerns alleged procedural irregularities surrounding the trial courts handling of the summary judgment motion.  Specifically, Tretola appears to assert (1) he lacked sufficient time and opportunity to conduct discovery; and (2) the subject of the hearing had been abruptly changed from a motion for judgment on the pleadings to one for summary judgment without allowing him to respond to newly submitted documents or to produce documents of his own.  Because, however, the trial court did not make any specific rulings on these issues and the record does not indicate Tretola raised them in a motion to alter or amend the appealed order, these exceptions are not preserved for appellate review.[4]
2.  In Tretolas second issue on appeal, he makes the additional argument that what little evidence we have is clearly in dispute and, based on this assertion, contends additional discovery is warranted.  Notwithstanding this assertion, for reasons explained below we decline to reverse the grant of summary judgment to Respondents.
3.  Tretola next argues the trial court erred in granting summary judgment on his claim for violation of attorney-client privilege through the dissemination of the February 19, 2004 letter.  He takes direct issue with the trial courts determination that this State does not recognize a private cause of action for violation of an attorney-client privilege.  We reject this argument.  
In addition to holding that South Carolina does not recognize the cause of action for violation of the attorney/client privilege, the trial court further noted that there exists an order of the federal court in the underlying action which gives rise to [Tretolas] claims in this action which order specifically finds no waiver of [Tretolas] attorney-client privilege and which prohibits any use of the letter and of any privileged information relative to [Tretola], if any.  We view this statement, which is tantamount to a finding that Tretola was not adversely affected by the dissemination of the letter, as an independent ground for the grant of summary judgment on his claim for violation of his attorney-client privilege.[5]  Because Tretola does not challenge this determination on appeal, we are compelled to affirm the grant of summary judgment on this cause of action.[6]
4.  We find no merit to Tretolas contention that the trial court mischaracterized one of his claims as one for fraud when it was actually one for breach of contract.  To the contrary, it appears that, because Tretola labeled his fourth cause of action as one for Fraud (Breach of Contract), the trial court was willing to consider whether either fraud or breach of contract would be a viable theory for recovery in this lawsuit.  Having determined that, even under a liberal construction of the complaint, Tretola could not proceed on a fraud claim because he failed to allege the necessary elements, the trial court then attempted to determine if Tretola could proceed on an action for breach of contract.  The trial court then held there was no evidence presenting a genuine issue of material fact as to whether Tretola had a valid contract with McKay and Hospital entitling him to an opportunity to invest in Hospitals new ambulatory surgery center.  We agree with this holding.  Tretolas affidavit indicates only that McKay had advised him physicians practicing at Hospital would be offered preferential and first choice to invest in the center and that, at the request of McKay and Hospital, he signed a form letter supporting the project.  Nowhere in the affidavit does he even suggest that his support for the center was given in exchange for the right of first refusal to invest in it.[7]  Accordingly, we affirm the trial courts grant of summary judgment on Tretolas action for breach of contract.[8]
5.  We reject Tretolas argument that the trial court should have held Law Firm in default because it did not file an answer.  The record does not indicate Tretola ever raised this issue to the trial court or otherwise attempt to obtain a ruling; therefore, Tretola did not preserve this issue for our review.[9]  In any event, Law Firms timely motion under Rule 12(b)(6), SCRCP, would have extended the time that it would have had to file an answer if the trial court had denied the motion.[10]
 AFFIRMED.
GOOLSBY, BEATTY, and WILLIAMS, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  The deponent testified he could not remember where he got this letter.
[3] In the appealed order, the trial court noted Miller had been served only two weeks before the hearing and Summer had not been served at all. 
[4]  See Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (holding an issue not explicitly ruled on by the trial court is not preserved for appellate review when the appellant fails to move to alter or amend the judgment on that ground).
[5]  In other words, the trial court relied on the requirement that a plaintiff must show damages to recover on a private cause of action in tort.  Cf. Baggerly v. CSX Transp., Op. No. 26208 (S.C. Sup. Ct. filed Aug. 28, 2006) (Shearouse Adv. Sh. No. 34, at 49, 53) (noting damage proximately resulting from the breach of duty an element of a negligence cause of action).
[6]  See Anderson v. Short, 323 S.C. 522, 525, 476 S.E.2d 475, 477 (1996) (affirming the trial courts decision because it was based on two grounds, only one of which was appealed); Buckner v. Preferred Mut. Ins. Co., 255 S.C. 159, 161, 177 S.E.2d 544, 544 (1970) (recognizing an unappealed decision of the circuit court, right or wrong, is the law of the case and requires affirmance), Weeks v. McMillan, 291 S.C. 287, 292, 353 S.E.2d 289, 292 (Ct. App. 1987) (Where a decision is based on alternative grounds, either of which independent of the other is sufficient to support it, the decision will not be reversed even if one of the grounds is erroneous.).
[7]  See Prestwick Golf Club, Inc. v. Prestwick Ltd. Pship, 331 S.C. 385, 390, 503 S.E.2d 184, 187 (Ct. App. 1998) (In order for a contract to be binding, there must be a mutual manifestation of assent between the parties to the terms of the contract.).
[8]  In the section of his brief concerning his breach of contract claim, Tretola includes arguments that (1) the trial court misinterpreted his allegations relating to his cause of action for conspiracy; (2) the trial court treated him unfairly because he was representing himself; and (3) the trial court improperly considered statements of counsel as evidence.  We hold these arguments do not comply with Rule 208(b)(1), SCACR, and decline to address them for that reason.
[9] See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).
[10] See Rule 12(a), SCRCP (providing that the service of certain motions alters the time allotted to a defendant to serve an answer and noting that, unless the court orders otherwise, the responsive pleading is to be served within 15 days after notice of the courts action if the court denies the motion or postpones its disposition until the trial on the merits).