THIS OPINION HAS
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Berkeley Hall Club, Inc., Respondent,
 v.
 Fred I. Palmer, Appellant.
 
 
 

Appeal From Beaufort County
Curtis L.
 Coltrane, Special Circuit Judge
Unpublished Opinion
 No.  2008-UP-542
Heard September
 16, 2008  Filed September 18, 2008
AFFIRMED

 
 
 
 Roberts Vaux and
 Douglas L. Novak, both of Bluffton, for Appellant.
 Terry A. Finger,
 of Hilton Head, for Respondent.
 
 
 

PER CURIAM:  This
 appeal involves a dispute over past due assessment fees.  On appeal, Fred I.
 Palmer (Palmer) argues (1) the trial court erred in failing to provide sufficient
 factual findings to support its conclusions; (2) the trial court erred in
 failing to comply with Rule 52(a), SCRCP; and (3) the trial court erred in
 failing to provide factual findings in its order denying appellants Rule 59(e)
 motion to alter or amend the judgment.  The issues on appeal are procedural and
 do not challenge the substantive conclusions reached by the trial court. 
 Moreover, at oral argument, appellant conceded that any attempt to amend the
 pleadings was abandoned at trial.
We affirm the order of the trial court pursuant to Rule 220(b), SCACR,
 and the following authorities: As to issues 1 and 2:  Rule 52(a), SCRCP
 (requiring the trial court to find the facts specially and state separately its
 conclusions of law thereon); Noisette v. Ismail, 304 S.C. 56, 58, 403
 S.E.2d 122, 123-24 (1991) (Where a trial court substantially complies with
 Rule 52(a) and adequately states the basis for the result it reaches, the
 appellate court should not vacate the trial courts judgment for lack of an
 explicit or specific factual finding.); In the Matter of the Treatment and
 Care of Luckabaugh, 351 S.C. 122, 133, 568 S.E.2d 338, 343 (2002) (We do
 not require a lower court to set out findings on all the myriad factual
 questions arising in a particular case.); Biales v. Young, 315 S.C.
 166, 168, 432 S.E.2d 482, 484 (1993) (noting failure to challenge a ruling of
 the lower court renders the issue abandoned and precludes consideration on
 appeal); Charleston Lumber Co., Inc. v. Miller Hous. Corp., 338 S.C.
 171, 175, 525 S.E.2d 869, 871 (2000) (finding an
 unchallenged ruling, right or wrong, is the law of the case).  As to
 issue 3: Rule 52(a), SCRCP (stating findings of fact and conclusions of law are
 not necessary on various motions).  
AFFIRMED.
SHORT, THOMAS, and PIEPER, J.J., concur.