THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 J. Kirkland
 Grant, Appellant,
 v.
 City of Folly
 Beach, Respondent.
 
 
 

Appeal From Charleston County
 Mikell R. Scarborough, Master In Equity

Unpublished Opinion No. 2009-UP-147
 Heard February 5, 2009  Filed March 18,
2009    

AFFIRMED

 
 
 
 Melinda Adelle Lucka, of Mt. Pleasant, and
 J. Kirkland Grant, of Charleston, for Appellant.
 Otis Benjamin Peeples, Jr. of Charleston,
 and Phillip Ferderigos, of Charleston, for Respondent.
 
 
 

PER CURIAM:  J. Kirkland Grant appeals the master-in-equity's
 dismissal of his claims for takings and damages for loss of commercial rental
 income.  We affirm pursuant to Rule 220, SCACR, and the following authorities:
Due
 process: Rules 52(c) & 59(f), SCRCP (stating post-trial motions "may
 in the discretion of the court be determined on briefs filed by parties without
 oral argument"); PPG Indus., Inc. v. Orangeburg Paint & Decorating
 Ctr., Inc., 297 S.C. 176, 184, 375 S.E.2d 331, 335 (Ct. App. 1988) (ruling
 trial court did not violate appellants due process rights by not allowing oral
 argument on the motion to reconsider summary judgment where appellant was
 allowed to submit written materials and oral argument was previously allowed);
Judicial
 estoppel: First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513,
 514 (1994) (deeming an issue abandoned because the appellant failed to
 "provide arguments or supporting authority for his assertion"); Ellie,
 Inc. v. Miccichi, 358 S.C. 78, 99, 594 S.E.2d 485, 496 (Ct. App. 2004)
 (stating when an issue is not argued within the body of the brief but is only a
 short conclusory statement, it is abandoned on appeal); Anderson v. Short,
 323 S.C. 522, 476 S.E.2d 475 (1996) (stating where a decision is based on more
 than one ground, the appellate court will affirm unless the appellant appeals
 all grounds because the unappealed ground will become the law of the case); First
 Union Nat'l Bank of S.C. v. Soden, 333 S.C. 554, 566, 511 S.E.2d 372, 378
 (Ct. App. 1998) (holding an "unchallenged ruling, right or wrong, is the
 law of the case and requires affirmance");
Remaining
 issues:  Whiteside v. Cherokee County Sch. Dist. No. One, 311 S.C. 335,
 340-41, 428 S.E.2d 886, 889 (1993) (holding that remaining issues need not be
 addressed when the resolution of a prior issue is dispositive).   
AFFIRMED.
HUFF,
 THOMAS, and LOCKEMY, JJ., concur.