**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Meredith Hastings Manley, Respondent,

v.

Earl Carrara, Appellant.

Appellate Case No. 2019-000586

---

Appeal From Charleston County
Michèle Patrão Forsythe, Family Court Judge

---

Unpublished Opinion No. 2022-UP-174
Heard February 8, 2022 – Filed April 20, 2022

---

**AFFIRMED**

---

Lawrence E. Richter, Jr., of The Richter Firm, LLC, of Mount Pleasant, for Appellant.

Anthony P. LaMantia, III, of LaMantia Law Firm, of Mount Pleasant; and William P. Tinkler and Paul E. Tinkler, both of Tinkler Law Firm LLC, both of Charleston; all for Respondent.

---

**PER CURIAM:** A wise jurist once said the winning party in an appeal is the one with the better of two bad arguments. That may not be true in all cases, but it is unmistakably true for this one. Earl Carrara (Father) and Meredith Hastings Manley

(Mother) never married; however, they are the parents of a minor child (Child) and have been embroiled in litigation for years. Mother filed the present case to enforce a previously-ordered name change and to establish a regime for custody of Child's passport. Those should not have been controversial, but they were. She also sought an order sealing the parties' records, in this case and in all of their previous family court cases. The family court granted Mother's request. This appeal concerns that decision.

The requirements of Rule 41.1, SCRCP, for a formal motion and for the contents of that motion were blatantly ignored. Also, many of the grounds Mother offered in support of sealing the records were rejected as sufficient grounds by our supreme court in *Ex parte Capital U-Drive-It, Inc.*, 369 S.C. 1, 5, 630 S.E.2d 464, 466 (2006). Still—and in our view, problematically—Father's appellate brief does not argue to us that the lack of a formal motion to seal the records warrants reversal. And, though some of the grounds the family court used are insufficient to justify sealing, the family court articulated an arguably valid reason for sealing some of the filings— the perceived need to protect Child from harm.

Father's first argument to us is that the family court sealed the records because it believed all lawyers and guardians ad litem had the right to have their family court cases sealed. This is not an accurate framing of the family court's order. While there is no doubt the family court mentioned that Mother is a lawyer and frequently serves as a guardian ad litem, the family court did not rule lawyers and guardians are entitled to have their files sealed. No such right exists. Even if one characterizes the family court's acknowledgment that Mother is a lawyer as a basis for the court's ruling, the ruling plainly had other grounds including the need to protect Child, as noted above. Thus, as the case comes to us, the family court's order is supported by grounds that are not challenged on appeal. *See Anderson v. Short*, 323 S.C. 522, 525, 476 S.E.2d 475, 477 (1996) (noting an appellant must challenge all grounds for an order because unappealed rulings become the law of the case).

Father's second argument is that the family court exceeded the scope of Rule 60(a), SCRCP, when it issued an amended ruling conforming more closely to its original oral ruling than did the family court's first written order. This argument was never made to the family court. Thus, we cannot consider it. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

After this court conducted oral argument, Mother filed a motion to dismiss this case claiming a lack of subject matter jurisdiction and that Father lacks standing because sealing of the parties' records does not injure him. We deny this motion. As far as we can tell, courts uniformly recognize that members of the general public have standing to challenge orders that seal court records. *See Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 609 n.25 (1982) (quoting *Gannett Co. v. DePasquale*, 443 U.S. 368, 401 (1979) (Powell, J., concurring)). We reject the invitation to hold that while any member of the public could challenge this order, Father—a party to the case—may not. Father opposes sealing the records. It is not for us to judge his reasons, but he plainly has standing and we plainly have subject matter jurisdiction.

Even though we affirm, we are compelled to say there is nothing to like about the procedure followed below. Again, we note the lack of a formal motion to seal along with the lack of attached documents for the family court to review in camera, both of which are required by Rule 41.1. We also cannot imagine the circumstances that would require sealing all family court records between these parties, as was done here, rather than requiring the parties to identify with specificity the sensitive information to be sealed or redacted as Rule 41.1 requires. Still, the fact that rules were broken below does not justify our breaking error preservation rules here.

For the foregoing reasons, the family court's decision is

**AFFIRMED.**

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**