639 S.E.2d 151

**Henry Claude DISMUKE, Jr., Respondent,**

**v.**

**SOUTH CAROLINA DEPARTMENT OF MOTOR VEHICLES, Appellant.**

**No. 4185.**

Court of Appeals of South Carolina.

Submitted Nov. 1, 2006.
Decided Dec. 18, 2006.

Frank L. Valenta, Jr., and Kelli G. Maddox, both of Blythe-wood, for appellant.

James D. Calmes, III, of Greenville, for respondent.

GOOLSBY, J.:

Henry Claude Dismuke, Jr. brought this action pursuant to South Carolina Code Ann. § 56–1–410 (2006) to reinstate his driver's license, contending the two-year term for the suspension of his license had run following his plea of guilty to driving with an unlawful alcohol concentration over two years before. By this appeal, the South Carolina Department of Motor Vehicles challenges the trial court's order rescinding the Department's suspension order.[1] We affirm.[2]

---

1. We do not address the Department's second issue regarding whether Dismuke "owes" nearly five months suspension time to the State. Dismuke testified he obtained another driver's license on September 25, 2003, following his release on June 19, 2003, from federal prison after fourteen months imprisonment for a parole violation. The Department first raised the issue of extending Dismuke's suspension in the court below during oral argument at the close of the case. Although the trial court acknowledged in its oral remarks that Dismuke's suspension ended on February 18, 2004, without regard to the license that Dismuke obtained in 2003, the trial court never addressed in its written order the effect of Dismuke's obtaining another license some five months before his period of suspension ended. *See Elam v. South Carolina Dep't of Transp.*, 361 S.C. 9, 602 S.E.2d 772 (2004) (noting an issue must be both raised to *and* ruled on by the trial court to be preserved for appellate review); *cf. Owens v. Magill*, 308 S.C. 556, 564, 419 S.E.2d 786, 791 (1992) ("[A] judge was not bound by a prior oral ruling and could issue a written order which conflicted with the prior oral ruling."). In addition, the Department did not ask the court to address the issue in a motion to alter or amend its judgment pursuant to Rule 59(e), SCRCP. Without an express ruling on this

On February 18, 2002, Dismuke pled guilty, as we indicated above, to driving with an unlawful alcohol concentration in violation of South Carolina Code Ann. § 56–5–2933 (2006). The Greenville County Clerk of Court did not forward the ticket relating to Dismuke's conviction to the Department until June 15, 2005.[3] Upon receipt of the ticket, the Department suspended Dismuke's driver's license and notified him the period of his suspension would begin on July 9, 2005 and end on July 9, 2007. Dismuke then brought this action.

At the hearing upon his petition for reinstatement of his license, Dismuke testified he surrendered his license when he pled guilty. An employee of the Greenville County Clerk of Court, however, testified nothing on the face of the indictment indicated this had in fact occurred as would usually be the case had it done so.

South Carolina Code Ann. § 56–5–2990(F) (2006) provides in part:

> Except as provided for in Section 56–1–365(D) and (E), the driver's license suspension periods under this section begin on the date the person is convicted, receives sentence upon a plea of guilty or of nolo contendere, or forfeits bail posted for the violation of Section 56–5–2930, 56–5–2933 . . . .

Another code section, South Carolina Code Ann. § 56–1–365(C) (2006), provides in part:

> Except as provided in Section 56–5–2990, if the defendant surrendered his license to the magistrate or clerk immediately after conviction, the effective date of the revocation or suspension is the date of surrender. If the magistrate or clerk wilfully fails to forward the license and ticket to the

---

issue, we are powerless to review it. *See Noisette v. Ismail,* 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (holding the court of appeals should not address an issue that the "circuit court did not explicitly rule on" and was not the subject of a Rule 59(e), SCRCP motion to amend or alter the judgment).

2. We decide this case without oral argument pursuant to Rule 215, SCACR.

3. Testimony given by a clerk of court employee indicated an in-office audit led to the discovery of Dismuke's ticket in 2005. The witness blamed a computer coding error and a change in the case management system for the failure to report Dismuke's conviction to the Department.

department within five days, the suspension or revocation does not begin until the department receives and processes the license and ticket.

The trial court made only two findings of fact: that the clerk of court "did not wilfully fail to forward [Dismuke's] license and ticket to the [D]epartment within five (5) days" and that Dismuke's suspension began on February 18, 2002 and ended on February 18, 2004. The trial court viewed section 56–5–2990(F) as controlling. We agree.

Absent a finding that Dismuke did not surrender his driver's license "immediately after [his] conviction" upon his plea of guilty and absent a finding that the clerk of court "wilfully fail[ed] to forward the license" to the Department, "the driver's license suspension period[ ]" in question "beg[an] on the date [he] ... receive[d] sentence upon a plea of guilty"; i.e., February 18, 2002.

**AFFIRMED.**

STILWELL and SHORT, JJ., concur.