23373

Lurline NOISETTE, Respondent v. Bassem ISMAIL, B.G. Owens d/b/a Auto Refurbishing, Penn National Insurance Company, Aetna Casualty and Surety Company and Allstate Insurance Company, Defendants, of whom Penn National Insurance Company is, Petitioner, and B.G. Owens d/b/a Auto Refurbishing is, Respondent.

(403 S.E. (2d) 122)

Supreme Court

*Stephen E. Darling* and *Bert G. Utsey, III, Sinkler & Boyd, P.A.,* Charleston, *for petitioner.*

*Peggy Chandler, Belk, Cobb & Chandler,* Charleston, *for respondent B.G. Owens d/b/a Auto Refurbishing.*

*Arnold S. Goodstein* and *Mary A. Marwick, Goodstein & Goodstein,* Summerville, *for respondent Lurline Noisette.*

*Jon Austin, Wise & Cole, P.A.,* Charleston, *for defendant Aetna Cas. and Sur. Co.*

*David M. Collins, Buist, Moore, Smythe & McGee,* Charleston, *for defendant Allstate Ins. Co.*

Heard Oct. 4, 1990; Decided Apr. 1, 1991.

Rehearing Denied May 1, 1991.

FINNEY, Justice:

Petitioner Penn National Insurance Company (Penn National) appeals from the Court of Appeals' opinion which affirmed in part, vacated in part, reversed in part and remanded this declaratory judgment action to the circuit court. *Noisette v. Ismail*, 299 S.C. 243, 384 S.E. (2d) 310 (Ct. App. 1989). We reverse that portion of the Court of Appeals' ruling which vacated the trial court's judgment that Penn National is liable for damages recovered by Respondent Lurline Noisette (Noisette) and remanded to the trial court for further consideration the issue of whether Defendant Bassem Ismail (Ismail) was a permissive user. The holding of the trial court on this sole issue is reinstated.

This action arose when Noisette sustained injuries and damages from an automobile accident on February 14, 1982, involving a vehicle driven by Ismail and owned by Defendant B.G. Owens d/b/a Auto Refurbishing (Owens). Noisette filed suit on February 15, 1983, and obtained a $60,000 judgment against Ismail. On December 11, 1984, Noisette brought a declaratory judgment action on the question of whether the vehicle driven by Ismail was covered under liability insurance provided by Penn National and Defendant Allstate Insurance Company (Allstate) at the time of the accident.

The trial court determined (1) that Penn National provided garage liability insurance with a $100,000 limit to Owens on February 14, 1982; (2) that Ismail was an insured; and (3) that Penn National was obligated to satisfy Noisette's judgment against Ismail.

On appeal the Court of Appeals, *inter alia,* vacated the trial court's judgment that Penn National was liable for damages recovered by Noisette against Ismail and remanded for the trial court to make specific findings of fact regarding whether Ismail was a permissive user of Owens' automobile at the time of the accident.

The sole issue on appeal to this Court is whether the Court of Appeals erred in remanding to the trial court the issue of whether Ismail was a permissive user.

Before the Court of Appeals, Penn National argued that Noisette failed to prove that Ismail was a permissive user of Owens' automobile at the time of the accident. Conversely, Noisette contended that she did, in fact, prove that Ismail was a permissive user. The Court of Appeals determined that a remand of the permissive user question was necessary because the trial court made no findings of fact on the issue.

Under South Carolina Rule of Civil Procedure 52(a), "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon." This Court has previously determined this requirement to be directory and that noncompliance would not form the basis for invalidating a judgment. *May v. Cavender,* 29 S.C. 488, 7 S.E. 489 (1888) (interpreting Section 291 Code of Laws of South Carolina); *see also Borg Warner Acceptance Corp. v. Darby,* 296 S.C. 275, 372 S.E. (2d) 99 (Ct. App. 1988). Rather, where a trial court substantially complies with Rule 52(a) and adequately states the basis for the result it reaches, the appellate court should not vacate the trial court's judgment for lack of an explicit or specific factual finding. *See Pawleys Island Civic Ass'n. v. Johnson,* 292 S.C. 208, 355 S.E. (2d) 541 (Ct. App. 1986) (interpreting Section 15-35-110 Code of Laws of South Carolina 1976).

The record reflects the circuit court did not explicitly rule on Penn National's argument that Noisette failed to prove Ismail was a permissive user. Penn National has failed to show it made a Rule 59(e), SCRCP motion to amend or alter judgment on this ground. We hold the issue was thus not properly before the Court of Appeals and should not have been addressed. *Halbersberg v. Berry,* — S.C. —, 394 S.E. (2d) 7 (Ct. App. 1990).

For the foregoing reasons, we reverse the Court of Appeals' remand on the question of permissive use and reinstate the judgment of the circuit court on this sole issue.

Reversed and judgment reinstated.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.