THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Charles R.
 Major, Appellant
 
 
 v.
 S.C. Department
 of Mental Health & Patrick Harris Hospital; Mr. George Gintoli, sued in
 his individual capacity and in his official capacity; Sharon Fowler, sued in
 her individual capacity and official capacity; Carolina Emergency Physicians
 PA, and Dr. Stephen Burkholtz & Dr. Benjamin Crumpler, both sued in their
 individual  and in their official capacities; Greenville County Sheriff's
 Department & Officer Moon & Sergeant Lowary; Greenville Memorial
 Hospital and two unnamed social workers; Harriet J. Major, sued in her
 individual capacity and Kenneth Porter, sued in his individual and
 professional working capacity, Defendants,
 
 of whom S.C.
 Department of Mental Health, Patrick Harris Hospital, Mr. George Gintoli,
 sued in his individual and in his official capacity, Sharon Fowler, sued in
 her individual and official capacity, Greenville County Sheriff's Department,
 Office Moon and Sergeant Lowary are Respondents.
 
 
 
 
 

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No.  2009-UP-521
 Submitted November 2, 2009  Filed
November 19, 2009

AFFIRMED

 
 
 
 Charles Major, pro se, of Greenville, for
 Appellant.
 Reginald  Gay, of Anderson, for
 Respondent.
 
 
 

PER CURIAM: Charles R. Major appeals the circuit court's dismissal of his causes of
 action against the South Carolina Department of Mental Health (the Department)
 for lack of prosecution due to ineffective service.  On appeal Major asserts the circuit court
 erred in dismissing his causes of action for lack of prosecution due to
 ineffective service because he served the Department with a copy of the summons
 and complaint.[1]  We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:  Doe v. Doe,
 370 S.C. 206, 212, 634 S.E.2d 51, 55 (Ct. App. 2006) ("[W]hen an appellant
 neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the
 issue is not preserved for appellate review."); see also Noisette
 v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (finding when a
 trial court makes a general ruling on an issue, but does not address the
 specific argument raised by the appellant and the appellant does not make a
 motion to alter or amend pursuant to Rule 59(e), SCRCP, to obtain a ruling on
 the argument, the appellate court cannot consider the argument on appeal).
AFFIRMED.
SHORT, THOMAS,
 and KONDUROS, JJ., concur. 

[1] This court need not address Appellant's remaining
 arguments, as they are manifestly without merit. See Rule 220(b)(2), SCACR (stating that a
 point that is manifestly without merit need not be addressed).
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.