391 S.C. 475 (2011)
706 S.E.2d 30
Ira BANKS, James Bell, and Vernon Holmes, Appellants,
v.
ST. MATTHEW BAPTIST CHURCH, an unincorporated association, and Clinton Brantley, Respondents.
No. 4781.
Court of Appeals of South Carolina.
Heard May 20, 2010.
Decided January 26, 2011.
Rehearing Denied February 28, 2011.
*478 Thomas O. Sanders, IV, of Charleston, for Appellants.
P. Gunnar Nistad, Weston Adams, III, Richard Carson Thomas and Helen F. Hiser, all of Columbia, for Respondents.
KONDUROS, J.
Ira Banks, James Bell, and Vernon Holmes (collectively the Trustees) brought suit against St. Matthew Baptist Church (the Church) and its pastor, Clinton Brantley, for defamation, negligence, and intentional infliction of emotional distress (IIED), contending the pastor had informed the congregation the Trustees had mismanaged money and money was missing from the Church. The trial court dismissed the action because the court did not have jurisdiction to intervene in a church matter, and the Trustees appealed. We affirm in part, reverse in part, and remand.

FACTS/PROCEDURAL HISTORY
The Trustees served on the board of trustees (the Board) at the Church, which was located in Charleston County. In 2000, the Church moved to a new location and shortly thereafter decided to purchase some nearby apartments to expand the Church's influence into the new neighborhood. The congregation approved the Board's request to borrow $200,000 to purchase and improve an apartment building located at 1925 Grayson Street. The Church purchased the apartment building as well as other buildings. After the purchase, the apartment building at 1925 Grayson Street caught fire and the Church learned it did not have insurance on the building. The Church also learned the Church building was serving as collateral for the loan used to purchase the apartment building.
On May 22, 2006, at a quarterly congregational meeting, Brantley made a presentation to the congregation providing the reasons he believed the Trustees should be removed from *479 the Board. The minutes taken at the meeting reflect that Brantley stated "the Church had been mortgaged and there was no insurance on the buildings that had been purchased," a $300,000 mortgage he did not know about had been placed on the Church building, and he had been "constantly deceived throughout." A majority of the congregation voted to remove the Trustees from the Board. The Trustees remained members of the Church. An audit performed in June 2006, revealed no money had been mismanaged.
The Trustees filed an action against Brantley alleging negligence, defamation, and IIED as well as against the Church alleging negligence. The Trustees alleged that at the congregational meeting, Brantley told the congregation the Trustees had placed a $300,000 mortgage on the Church property to purchase some nearby apartments without his knowledge and failed to insure them. They asserted Brantley also informed the congregation they had mismanaged money and money was missing from the Church. They further alleged Brantley informed the congregation he had been constantly deceived by the Trustees and they should be removed from the Board.
The Church and Brantley both moved to have the action dismissed for lack of jurisdiction. Following a hearing on the matter, the trial court granted the motions in a form order, finding:
[A]ny alleged defamatory statements were made during the course of a congregational meeting where the [Trustees] continuing to serve as Trustees of the [C]hurch was being discussed. The [c]ourt finds that it is not appropriate for it to intervene in such a church matter and that the [c]ourt does not have jurisdiction to intervene. Further, with respect to the allegation of negligence against the [Church] the [c]ourt finds it does not have jurisdiction to try and impose a duty to do some independent investigation into alleged defamatory statements made by [Brantley].
This appeal followed.

LAW/ANALYSIS
The Trustees argue the trial court erred in dismissing the action for lack of jurisdiction because the Trustees' claims can be resolved by neutral principles of civil law without disturbing *480 the Church's decision to remove the Trustees from their positions. We agree in part.
"The decisions of the Supreme Court of the United States concerning church dispute litigation make clear that there is no constitutionally prescribed rule for a civil court's disposition of such matters." All Saints Parish Waccamaw v. Protestant Episcopal Church in Diocese of S.C., 385 S.C. 428, 442, 685 S.E.2d 163, 170 (2009). "Nonetheless, there is a general constitutional command, based in the First Amendment, mandating . . . civil courts to `decide church . . . disputes without resolving underlying controversies over religious doctrine.'" Id. at 442, 685 S.E.2d at 170-71 (quoting Serbian E. Orthodox Diocese v. Milivojevich, 426 U.S. 696, 710, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976)) (second omission by court).
The South Carolina Supreme Court has determined that when resolving church disputes, South Carolina courts apply the "neutral principles of law approach." See id. at 442, 685 S.E.2d at 171; Pearson v. Church of God, 325 S.C. 45, 478 S.E.2d 849 (1996); see also Jones v. Wolf, 443 U.S. 595, 602-04, 99 S.Ct. 3020, 61 L.Ed.2d 775 (1979) (holding a state is constitutionally entitled to adopt the neutral principles of law approach as a means of adjudicating church disputes). "This method `relies exclusively on objective, well-established concepts of trust and property law familiar to lawyers and judges. It thereby promises to free civil courts completely from entanglement in questions of religious doctrine, polity, and practice.'" All Saints Parish Waccamaw, 385 S.C. at 444, 685 S.E.2d at 172 (quoting Jones, 443 U.S at 603, 99 S.Ct. 3020). "[T]he neutral principles of law approach permits the application of property, corporate, and other forms of law to church disputes." Id.
Pearson articulated the rule South Carolina civil courts must follow when adjudicating church dispute cases. Id. The Pearson rule provides:
(1) courts may not engage in resolving disputes as to religious law, principle, doctrine, discipline, custom, or administration; (2) courts cannot avoid adjudicating rights growing out of civil law; [and] (3) in resolving such civil law disputes, courts must accept as final and binding the decisions of the *481 highest religious judicatories as to religious law, principle, doctrine, discipline, custom, and administration.
325 S.C. at 52-53, 478 S.E.2d at 853 (footnote omitted). Under the Pearson rule, when "a civil court can completely resolve a church dispute on neutral principles of law, the First Amendment commands it to do so." All Saints Parish Waccamaw, 385 S.C. at 445, 685 S.E.2d at 172.
However, when a civil court is presented an issue that is a question of religious law or doctrine masquerading as a dispute over church property or corporate control, it must defer to the decisions of the proper church judicatories to the extent it concerns religious or doctrinal issues. Id. (citing Serbian E. Orthodox Diocese, 426 U.S. at 709, 96 S.Ct. 2372 (finding the controversy before the Court "essentially involve[d] not a church property dispute, but a religious dispute the resolution of which . . . is for ecclesiastical and not civil tribunals")). "`[W]henever the questions of discipline, or of faith, or ecclesiastical rule, custom, or law have been decided by the highest of these church judicatories to which the matter has been carried, the legal tribunals must accept such decisions as final, and as binding on them, in their application to the case before them.'" Pearson, 325 S.C. at 49, 478 S.E.2d at 851 (quoting Serbian E. Orthodox Diocese, 426 U.S. at 710, 96 S.Ct. 2372).

I. Defamation
Under the Pearson rule "courts cannot avoid adjudicating rights growing out of civil law." 325 S.C. at 52, 478 S.E.2d at 853. Here, the Trustee's defamation claim can be resolved using solely legal principles without examining any religious questions. "[T]he neutral principles of law approach permits the application of property, corporate, and other forms of law to church disputes." All Saints Parish Waccamaw, 385 S.C. at 444, 685 S.E.2d at 172. Because the circuit court can completely resolve a church dispute on neutral principles of law, the First Amendment commands it to do so.
Brantley provides several cases from outside jurisdictions that have found the court lacked subject matter jurisdiction *482 over defamation claims.[1] However, by applying the neutral principles doctrine we can resolve whether the court has jurisdiction to address the defamation claim in the current case without looking to outside jurisdictions. In the present case, the court would not need to look at the Church's beliefs to determine if the statements constitute defamation. Accordingly, the trial court erred in dismissing the defamation cause of action. Therefore, the dismissal of the defamation action should be reversed and the action remanded for trial.

II. Negligence
As to the negligence causes of action, the trial court properly dismissed the action. The negligence cause of action against the Church alleges it was negligent in hiring Brantley and not conducting its own investigation into the facts before the congregational meeting was held. The negligence cause of action against Brantley contends he was negligent in asking the congregation to remove the Trustees from the Board and in not conducting his own investigation of the facts before the meeting was held. All of these allegations involve the administrative procedures of the Church, which Pearson specifically notes courts cannot examine. Accordingly, the trial court properly dismissed the negligence causes of action.

III. IIED
Although the Trustees raised the IIED cause of action in their complaint, the trial court did not address it when it dismissed the action and the Trustees failed to make a Rule 59(e), SCRCP, motion. Accordingly, we cannot address the trial court's treatment of this cause of action. See Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (finding when a trial court fails to address the specific argument raised by the appellant, the appellant must make a motion to alter or amend pursuant to Rule 59(e) to obtain a ruling on the argument or it is not preserved for appellate review).

CONCLUSION
We find the trial court can decide the defamation action without looking at religious principles and therefore reverse *483 the dismissal of the defamation action and remand that claim for trial. Additionally, the negligence causes of action cannot be examined by the court without delving into the Church's administrative procedures. Therefore, we affirm the dismissal of the negligence causes of action. Further, because the trial court did not rule on the IIED cause of action in its order, the dismissal of that claim is unpreserved for appellate review. Accordingly, the trial court's order is
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART.
GEATHERS and LOCKEMY, JJ., concur.
NOTES
[1] In many of those cases, the courts could not determine if the claim was defamation without looking into the churches' beliefs.