THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Wayne Smith, Respondent,
 
 
 
 

v.

 
 
 
 Christopher R.
 Morris, Appellant.
 
 
 

Appeal From Barnwell County
Richard B. Ness, Special Referee

Unpublished Opinion No. 2011-UP-340
 Submitted June 1, 2011  Filed June 29,
2011    

AFFIRMED

 
 
 
 Frederick James Newton, of Summerville,
 for Appellant.
 J. Martin Harvey, of Barnwell, for
 Respondent.
 
 
 

PER CURIAM: Appellant,
 Christopher R. Morris, appeals the order of the special referee ordering Morris
 to specifically perform his obligation to convey property to respondent, Wayne
 Smith, upon the proper tender of money from Smith.  Morris contends the special
 referee erred in (1) ruling the parties entered into a valid and enforceable
 agreement, (2) ruling Morris had the right to sell, and did sell, a third party's
 mobile home as part of Morris' sales contract with Smith, (3) construing
 ambiguity in the parties' written agreement in favor of the drafting party, and
 (4) awarding Smith special damages which were speculative.  We affirm.[1]
1.  As to Morris' argument
 that the referee erred in finding the
 parties entered into a valid and enforceable agreement because the evidence
 showed the parties disagreed as to whether the mobile home was part of the
 sales agreement between them and therefore showed there was a mutual mistake
 between the parties, and, accordingly, there was no meeting of the minds, we
 find this issue is not properly preserved for review.  Morris did not
 specifically plead mistake, and never sought to rescind the contract based upon
 mistake.  There is nothing in the record to indicate Morris ever argued mutual
 mistake to the referee.  Neither did the referee rule on whether there was a
 mutual mistake between the parties, and Morris failed to make a post-trial
 motion to bring the omission of a ruling to the attention of the master.  See Nat'l Grange Mut. Ins. Co. v. Firemen's Ins. Co., 310 S.C. 116, 119, 425
 S.E.2d 754, 756 (Ct. App. 1992) (holding, where the theory of mutual mistake
 was not raised in the pleadings as an affirmative defense, appellant did not request
 the relief of reformation, the master did not rule on the issue of mutual
 mistake, and appellant failed to bring this omission to the attention of the
 master by a post-trial motion, the issue of mutual mistake was not preserved
 for appeal).  There is simply no indication Morris ever raised to the special
 referee any of this argument he makes now on appeal.
2.  In regard to Morris'
 contention that the referee erred in ruling
 Morris had the right to sell a third party's mobile home as part of his sales contract
 with Smith because it was inequitable to
 permit Smith to include a third party's mobile home in the sales contract
 between Smith and Morris where Smith knew the true owner of the mobile home,
 and the evidence indicates Morris intended the sale of the mobile home be
 separate from the sale of the land, we find this issue is both unpreserved and
 abandoned.  The only law Morris cites in this portion of his argument provides
 no support for, and is inconsequential to, his assertion on appeal.  Morris
 cites no law in support of his actual argument that it was inequitable to
 include a third party's mobile home in a sales contract where Smith knew the
 true owner was the third party.  See Bryson v. Bryson, 378 S.C. 502, 510, 662 S.E.2d
 611, 615 (Ct. App. 2008) ("An issue is deemed abandoned and will not be considered on appeal if the
 argument is raised in a brief but not supported by authority.").  See also State v. Porter, 389 S.C. 27, 35-36, 698 S.E.2d 237,
 241 (Ct. App. 2010) (holding, where a party cites only to authority that does
 not support the specific argument raised, and fails to cite to any authority
 that supports the specific argument, the argument will be deemed abandoned on
 appeal).  Additionally, even if the argument were not abandoned, it is not
 preserved for appellate review, as the record fails to show it was raised to or
 ruled upon by the referee.  See I'On, L.L.C. v. Town of Mt. Pleasant,
 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) (noting the losing party generally
 must both present his issues and arguments to the lower court and obtain a
 ruling before an appellate court will review those issues and arguments).
3. We likewise find
 Morris' assertion that the referee erred
 in construing ambiguity in the written agreement in favor of the drafting party
 is not preserved for our review.  There is nothing in the record to suggest
 Morris ever asserted to the referee that the written agreement he references was
 ambiguous and/or that an ambiguity in the agreement should be construed against
 Smith since Smith's wife drafted it.  Further, the referee's order does not
 address whether the agreement was ambiguous.  Finally, Morris did not raise the
 matter in a post-trial motion.  Because the matter was never raised to or ruled
 upon by the referee, the issue of ambiguity in the written agreement is not
 preserved.  See Mathis v. Brown & Brown of S.C., Inc., 389
 S.C. 299, 311, 698 S.E.2d 773, 779 (2010) (holding, in order for an issue to be
 properly preserved for review, it must have been both raised to and ruled upon
 by the trial court); I'On, L.L.C., 338 S.C. at 422, 526 S.E.2d at 724
 (noting the losing party generally must both present his issues and arguments
 to the lower court and obtain a ruling before an appellate court will review
 those issues and arguments).
4. Lastly, Morris' assertion on
 appeal that the referee erred in awarding Smith special damages because Smith's
 alleged lost profits were the result of a proposed new business and said
 profits were speculative is also not preserved.  There is nothing in the record
 to indicate Morris ever argued to the referee that the damages claimed by Smith
 were too speculative to support an award, and Morris failed to file a Rule
 59(e), SCRCP motion requesting the referee address the issue.  See Harkins
 v. Greenville County, 340 S.C. 606, 620, 533 S.E.2d 886, 893 (2000) (stating an issue must have been ruled upon by the trial
 court to be preserved for appellate review, and where an appellant has failed
 to have the trial court rule on an issue, the appellate court will not address
 it); I'On, L.L.C., 338 S.C. at 422, 526 S.E.2d at 724 (noting the
 losing party generally must both present his issues and arguments to the lower
 court and obtain a ruling before an appellate court will review those issues
 and arguments); Noisette v. Ismail, 304 S.C. 56,
 58, 403 S.E.2d 122, 124 (1991) (holding an issue is not preserved where the
 trial court does not explicitly rule on an argument and the appellant fails to
 make a Rule 59(e), SCRCP motion to alter or amend the judgment on that ground).  
For the foregoing reasons,
 the order of the special referee is
AFFIRMED.
HUFF, WILLIAMS, and
 THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.