THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Daniel
 Strickland and Mary Formby, Appellants,
 
 
 

v.

 
 
 
 Glen Kinard
 d/b/a Town & Country of Hampton, Respondent.
 
 
 

Appeal From Allendale County
Walter H. Sanders, Jr., Master-in-Equity

Unpublished Opinion No. 2011-UP-365
 Submitted June 1, 2011  Filed June 30,
2011    

AFFIRMED

 
 
 
 Leo A. Dryer, Jr., of Columbia, for
 Appellants.  
 Daniel Webster Williams, of Barnwell, for
 Respondent.
 
 
 

PER CURIAM:  Daniel
 Strickland and Mary Formby (collectively Appellants) purchased a car from Glen
 Kinard, d/b/a Town & Country of Hampton (Kinard).  After Kinard repossessed
 the vehicle, Appellants sued.  They appeal the master-in-equity's order
 dismissing their case and awarding costs of suit to Kinard, arguing the master erred
 in (1) declining to find Kinard's contract did not comply with the Consumer
 Protection Code, (2) ignoring Kinard's disposition of the vehicle, (3)
 condoning Kinard's repossession of the vehicle by finding the vehicle was
 uninsured and in peril, (4) accepting Kinard's proposed order after the established
 deadline, (5) entering its order upon a misunderstanding of the facts in the
 case, and (6) impugning Formby's credibility.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  
1. As to the contract's
 compliance with the Consumer Protection Code and consequent creation of a
 security interest in Kinard's favor:  S.C. Code Ann. § 37-2-407 (2002)
 (providing in a consumer credit sale, the seller "may take a security
 interest in the property sold"); S.C. Code Ann. § 36-1-201(37) (2003)
 (defining "security interest" as "an interest in personal
 property or fixtures which secures payment or performance of an
 obligation"); S.C. Code Ann. § 36-9-103(a) & (b) (2003) (explaining
 when a buyer and a seller agree the goods the buyer purchases from the seller
 will be collateral against the unpaid portion of their purchase price, the
 seller has a purchase-money security interest in those goods); S.C. Code Ann. §
 36-9-203(a) (2003) ("A security interest attaches to collateral when it
 becomes enforceable against the debtor with respect to the collateral . . . .");
 S.C. Code Ann. § 36-9-203(b) (2003) (stating a seller's security interest is
 enforceable "only if:  (1) value has been given; (2) the debtor has rights
 in the collateral or the power to transfer rights in the collateral to a
 secured party; and (3) . . . (A) the debtor has authenticated a security
 agreement that provides a description of the collateral.").  
2. As to Kinard's
 disposition of the vehicle, with regard to the master's use of the term
 "non traditional repossession" instead of "non judicial self
 help repossession":  Noisette v.
 Ismail, 304 S.C. 56, 58, 403 S.E.2d
 122, 123-24 (1991) (precluding an appellate court from vacating a trial court's
 judgment f or lack of specificity when the trial court adequately stated the
 basis for its ruling).  
3.  As to Kinard's
 disposition of the vehicle, with regard to whether
 Kinard sent Strickland a right-to-redeem letter:  Dixon v. Dixon, 362
 S.C. 388, 399, 608 S.E.2d 849, 854 (2005) (holding an issue raised for the
 first time in a post-trial motion such as one pursuant to Rule 59(e), SCRCP, is
 not preserved for appellate review).  
4. As to Kinard's
 disposition of the vehicle, with regard to whether the disposal was "commercially
 reasonable":  In re Michael H., 360 S.C. 540, 546, 602 S.E.2d 729,
 732 (2004) ("An issue may not be raised for the first time on appeal.  In
 order to preserve an issue for appeal, it must be raised to and ruled upon by
 the trial court.").  
5.  As to whether the
 master erred in failing to award Appellants damages for conversion:  Rule 208(b)(1)(B), SCACR ("Ordinarily, no point
 will be considered which is not set forth in the statement of the issues on
 appeal.").
6. As to Appellants' remaining issues:  Rule 208(b)(1)(D), SCACR (requiring arguments in
 appellate briefs to include citations to legal authority); Eaddy v.
 Smurfit-Stone Container Corp., 355 S.C. 154, 164, 584 S.E.2d 390, 396 (Ct.
 App. 2003) ("[S]hort, conclusory statements made without supporting
 authority are deemed abandoned on appeal and therefore not preserved for our
 review.").[2]  
AFFIRMED.  
FEW, C.J., and
 KONDUROS and LOCKEMY, JJ., concur.  

[1]  We decide this
 case without oral argument pursuant to Rule 215, SCACR.
[2] We feel compelled to comment on Appellants'
 contention that the master misunderstood the facts.  Although, for the reasons
 set forth in this opinion, we affirm the master's decision Kinard does not owe
 money to Appellants, to whatever extent this decision may later be used as
 evidence Appellants owe Kinard a debt, we do not believe the record supports a
 determination that Appellants owe Kinard $2,000.