**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Markola McLaughlin, Respondent,

v.

Sonny M. Ninan, Appellant.

Appellate Case No. 2010-180208

———————————

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-261
Heard February 5, 2013 – Filed June 19, 2013

———————————

**AFFIRMED**

———————————

James P. O'Connell, of Easley, for Appellant.

Markola McLaughlin, of Easley, pro se, for Respondent.

———————————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: **ISSUE I**: Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal"); Rule 208(b)(1)(D), SCACR (requiring the brief of appellant be divided into as many parts as there are issues to be argued, the particular issue to be addressed set forth in distinctive type at the head of each part, and the argument section of the brief

contain discussion and citations of authority); *State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (noting an argument advanced on appeal that is not raised and ruled on below is not preserved for review); *State v. Crocker,* 366 S.C. 394, 399 n.1, 621 S.E.2d 890, 893 n.1 (Ct. App. 2005) (holding conclusory statements unaccompanied by argument and citation to authority are insufficient to preserve an issue for appellate review, and noting failure to provide such argument and citation renders an issue abandoned). **ISSUE II and III**: Rule 208(b)(1)(B), SCACR (noting the statement of each issue on appeal shall be concise and direct, and broad general statements of issues may be disregarded by the appellate court); *id.* ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal"); Rule 208(b)(1)(D), SCACR (requiring the brief of appellant be divided into as many parts as there are issues to be argued, the particular issue to be addressed set forth in distinctive type at the head of each part, and the argument section of the brief contain discussion and citations of authority); *Freiburger*, 366 S.C. at 134, 620 S.E.2d at 741 (noting an argument advanced on appeal that is not raised and ruled on below is not preserved for review); *Crocker,* 366 S.C. at 399 n.1, 621 S.E.2d at 893 n.1 (holding conclusory statements unaccompanied by argument and citation to authority are insufficient to preserve an issue for appellate review, and noting failure to provide such argument and citation renders an issue abandoned); **ISSUE IV**: Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal"); Rule 208(b)(1)(D), SCACR (requiring the brief of appellant be divided into as many parts as there are issues to be argued, the particular issue to be addressed set forth in distinctive type at the head of each part, and the argument section of the brief contain discussion and citations of authority); *Freiburger*, 366 S.C. at 134, 620 S.E.2d at 741 (noting an argument advanced on appeal that is not raised and ruled on below is not preserved for review); *Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (holding this court should not address an issue which was not explicitly ruled on by the trial court or brought to the trial court's attention in a motion to alter or amend); *McCall v. IKON*, 380 S.C. 649, 659-60, 670 S.E.2d 695, 701 (Ct. App. 2008) (noting an appealed order comes to the appellate court with a presumption of correctness, with the burden on appellant to demonstrate reversible error, and the appellate court is obliged to reverse when error is called to its attention, but it is not in the business of figuring out on its own whether error exists).

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**