**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brian and Deborah C. Pulliam, Monica Bradshaw, Helen K. Cook, Kala Craig, Victor E. Dirienzo, Cynthia Ditursi, J. Scott Drexel, Kathleen Kramer, Robert Loebe, Melanie McDaniel, Don and Debbie Neff, David Osborne, Celeste Arrowood, Vincent Dionna, Mikel Marcuse, James P. Wheaton, Jr., Joseph Manfredini, Elena Manfredini, David Cox, Jonathan B. Dillard, and Eric Wilson, and Marianna Junda, Respondents,

v.

M.U.I. Carolina Corporation, Kensington Place Owners' Association, Inc., and Regent Carolina Corporation, Defendants,

Of whom M.U.I. Carolina Corporation and Regent Carolina Corporation are the Respondents,

And Kensington Place Owners' Association, Inc. is the Appellant.

Appellate Case No. 2011-192247

———————————

Appeal From York County
John C. Hayes, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-324
Heard April 2, 2013 – Filed July 17, 2013

———————————

———————————

**AFFIRMED**

———————————

Kenneth R. Raynor, of Templeton & Raynor, P.A., of Charlotte, N.C., for Appellant.

W. Jefferson Leath, Jr. and Michael S. Seekings, both of Leath, Bouch, & Seekings, LLP, of Charleston, for Respondents Brian and Deborah C. Pulliam, et al.

Robert T. Lyles, Jr., of Lyles & Lyles, LLC, of Charleston, for Respondents M.U.I. Carolina Corporation and Regent Carolina Corporation.

———————————

**PER CURIAM:**  In this condominium defect case, Appellant Kensington Place Owner's Association, Inc. (the POA) challenges an order of the trial court granting the motion of Respondents Brian and Deborah Pulliam, et al. (Plaintiffs) to dismiss the POA's cross-claim against Respondent M.U.I. Carolina Corporation (Developer).  We affirm.

We find the trial court did not err in determining the POA lacked authority to bring the cross-claim against Developer.  *See Baumann v. Long Cove Club Owners Ass'n, Inc.*, 380 S.C. 131, 137-38, 668 S.E.2d 420, 424 (Ct. App. 2008) (stating a homeowners association can only exercise the powers granted to it by law, its charter or articles of incorporation, and any by-laws made pursuant thereto); *id.* ("Acts beyond the scope of the association's powers as defined by law or its charter are *ultra vires*."); *Lovering v. Seabrook Island Prop. Owners Ass'n*, 289 S.C. 77, 82, 344 S.E.2d 862, 865 (Ct. App. 1986) ("In determining an association's powers, its charter is to be construed strictly; any ambiguity in the terms of a corporate charter must operate against the association."), *aff'd as modified*, 291 S.C. 201, 352 S.E.2d 707 (1987), *overruled on other grounds by* S.C. Code Ann. § 33-31-302.; *id.* ("The specification of certain powers operates as a limitation on such objects as are embodied therein and is an implied prohibition of the exercise of other and distinct powers."); *Peninsula Prop. Owners Ass'n, Inc. v. Crescent Res., LLC*, 614 S.E.2d 351, 355-356 (N.C. Ct. App. 2005) (holding property owners association did not have standing to sue its developer because it did not obtain a two-thirds vote as required by its governing documents and explaining contractual provisions

"may provide procedural prerequisites or contractually limit the time, place, or matter for asserting claims").  We find Article XI of the By-Laws' authorization of the POA to bring an action "to enforce the provisions of the Master Deed or By-Laws" does not authorize the present action.  Strictly reading the By-Laws, we find this exception only applies to enforcing the actual provisions in the governing documents rather than implied duties of the Developer.  In addition, the POA's cross-claim against the Developer does not fall within the exception allowing the POA, without the vote, to assert "counterclaims brought by the [POA] in proceedings instituted against it."  The POA committed an *ultra vires* act when it commenced the cross-claim and the Developer's subsequent counterclaim did not validate the unauthorized act.

We find no merit to the POA's argument that a balancing of equities would have weighed in its favor.  *See Regions Bank v. Wingard Props., Inc.*, 394 S.C. 241, 254, 715 S.E.2d 348, 355 (Ct. App. 2011) ("It is well known that equity follows the law.").

Additionally, we find no merit to the POA's argument Plaintiffs have not, and cannot, demonstrate monetary damages for breach of contract as Plaintiffs are not seeking monetary damages.

Finally, we conclude the POA's argument that the trial court erred in dismissing its cross-claim against the Developer because Plaintiffs were only entitled to a breach of contract claim for monetary damages or an injunction is not properly before this court because it was not ruled on by the trial court.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (stating that when a trial court makes a general ruling on an issue, but does not address the specific argument raised by a party, that party must make a Rule 59(e), SCRCP, motion asking the trial court to rule on the issue in order to preserve it for appeal).

**AFFIRMED.**[1]

---

[1] We need not reach the alternate grounds for affirming the trial court's dismissal of the cross-claim.  *See I'On, L.L.C. v. Town of Mount Pleasant*, 338 S.C. 406, 420, 26 S.E.2d 716, 723 (2000) ("It is within the appellate court's discretion whether to

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**

address any additional sustaining grounds."); *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address the remaining issues when a prior issue was dispositive).