**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jacquelyne Hollander, Appellant,

v.

The Irrevocable Trust Established by James Brown on August 1, 2000, and Russell L. Bauknight, as Trustee of the Irrevocable Trust established by James Brown on August 1, 2000, Defendants,

Of whom Russell L. Bauknight is the Respondent.

Appellate Case No. 2013-001856

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2015-UP-169
Submitted January 1, 2015 – Filed April 1, 2015

**AFFIRMED**

Oshun Cyrus Hinton, of Hinton and Associates, P.A., of Rock Hill, for Appellant.

J. David Black, of Columbia, and Burl F. Williams, of Greenville, both of Nexsen Pruet, LLC, for Respondent.

**PER CURIAM:** Jacquelyne Hollander appeals the dismissal of her complaint with prejudice, arguing the statute of limitations was estopped, the trial court erred in ruling a partnership for charitable purposes cannot be a legal partnership, and the trial court should have allowed her to amend her complaint. Because Hollander does not challenge the trial court's finding that her complaint was not timely filed within the statute of limitations and her argument regarding estoppel is not preserved, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Rumpf v. Massachusetts Mut. Life Ins. Co.*, 357 S.C. 386, 398, 593 S.E.2d 183, 189 (Ct. App. 2004) ("Any unappealed portion of the trial court's judgment is the law of the case, and must therefore be affirmed."); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (stating an issue raised to but not ruled on by the trial court must be raised in a Rule 59(e), SCRCP, motion in order to preserve the issue for appeal); Rule 220(c), SCACR (stating an "appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal"); *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."); *id.* (noting "the two issue rule is applicable in situations not involving a jury").[1]

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**

---

[1] We decline to address Hollander's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding appellate courts need not address remaining issues when determination of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.