**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Quentin S. Broom, Jr., Petitioner,

v.

Ten State Street, LLP, Timothy D. Scranton, Mark Broadwater, and H. Hugh Andrews, Defendants,

Of whom H. Hugh Andrews, Individually and on behalf of Tri-Star Communications, Inc., is the Respondent,

v.

Quentin S. Broom, Jr., Third-party Defendant.

Appellate Case No. 2015-000583

————————

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

————————

Appeal From Spartanburg County
The Honorable J. Mark Hayes, II, Circuit Court Judge

————————

Opinion No. 2015-MO-057
Submitted September 22, 2015 – Filed September 30, 2015

————————

**REVERSED**

————————

James R. Gilreath, of The Gilreath Law Firm, PA, of Greenville; Patrick E. Knie of Patrick E. Knie, PA, of Spartanburg; Susan Foxworth Campbell, of McGowan Hood & Felder, LLC, of Georgetown; and Whitney Boykin Harrison of Columbia for Petitioner.

John S. Nichols and Blake Alexander Hewitt, of Bluestein Nichols Thompson & Delgado, LLC, of Columbia; and Rodney F. Pillsbury, of Pillsbury Law Firm, LLC, of Greenville, for Respondent.

---

**PER CURIAM:**   Petitioner seeks a writ of certiorari to review the Court of Appeals' decision in *Broom v. Ten State Street LLP*, Op. No. 2015-UP-030 (S.C. Ct. App. filed January 14, 2015).  We grant the petition, dispense with further briefing, and reverse the Court of Appeals' decision.

Petitioner filed his original suit against defendants alleging various causes of action related to a joint business venture between petitioner and respondent.  Respondent answered and raised counterclaims against petitioner.  On petitioner's Rule 12(b)(6), SCRCP, motion, the trial judge dismissed respondent's counterclaims, finding they did not comply with the pleading requirements in Rule 23(b)(1), SCRCP, for derivative actions by shareholders.  Thereafter, respondent filed a motion to reconsider pursuant to Rules 52 and 60, SCRCP, and a motion to amend the pleadings pursuant to Rule 15, SCRCP.  Following a hearing on the motions, the trial judge denied respondent's motion to reconsider, but did not rule on respondent's motion to amend the pleadings.

Respondent filed a notice of appeal from the order denying his motion for reconsideration.  On appeal, respondent raised two issues: (1) whether the trial judge erred in dismissing respondent's counterclaims for failure to comply with the pleading requirements of Rule 23(b)(1); and (2) whether the trial judge erred in dismissing respondent's counterclaims without allowing him to amend his pleadings.  Petitioner argued the latter was not preserved for review because the trial judge did not rule on respondent's motion to amend.  The Court of Appeals did not address these issues and, instead, remanded the case to the circuit court so the trial judge could rule on respondent's Rule 15, SCRCP, motion to amend the pleadings.

We find Court of Appeals erred in remanding the case for a ruling on respondent's Rule 15, SCRCP, motion because the issue on appeal—whether the trial judge erred in dismissing respondent's counterclaims without allowing respondent to amend his pleadings—was not preserved for review. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (noting that in order for an issue to be properly preserved for appeal, it must have been both raised to and ruled on by the trial court). Because respondent did not seek a ruling on the motion to amend, the Court of Appeals should not have addressed the motion, even if only for the sole purpose of remanding for a ruling. *See Noisette v. Ismail*, 304 S.C. 56, 58, 304 S.E.2d 122, 124 (finding the issue was not properly before the Court of Appeals and should not have been addressed where the record reflected the circuit court did not explicitly rule on the argument and the petitioner failed to show it made a Rule 59(e), SCRCP, motion to amend or alter the judgment on that ground).

Accordingly, the decision of the Court of Appeals is hereby

**REVERSED.**

**TOAL, C.J., PLEICONES, BEATTY and KITTREDGE, JJ., concur. HEARN, J., not participating.**