**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jimmy Boykin, Respondent,

v.

Zady Burton, individually and as Personal Representative of the Estate of Helen Burton, and Sandy Boykin a/k/a Sandy Boykin, Jr., Defendants,

Of whom Zady Burton is the Appellant.

Appellate Case No. 2019-001508

———————

Appeal From Kershaw County
Robert E. Hood, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-111
Submitted February 1, 2022 – Filed March 16, 2022

———————

**AFFIRMED**

———————

Spencer Andrew Syrett, of Columbia, for Appellant.

Moultrie B. Burns, Jr., of Savage Royall & Sheheen, of Camden, for Respondent.

———————

**PER CURIAM:** Zady Burton appeals the circuit court's order finding him in civil contempt. On appeal, Burton argues the circuit court erred by (1) finding him in

contempt, (2) basing its ruling on evidence not before the court or arguments of counsel, (3) ruling in the absence of evidence, (4) failing to allow Ms. Burton to testify, (5) failing to make findings of fact or conclusions of law, (6) awarding attorney's fees to Jimmy Boykin, (7) awarding interest to Boykin, and (8) making any finding concerning the May 14, 2018 letter of transmission. We affirm pursuant to Rule 220(b), SCACR.

1. As to issues 1, 2, and 3, the exhibits to Boykin's complaint in support of his rule to show cause and Boykin's subsequently filed March 13, 2019 affidavit support a finding of contempt. *See Spartanburg Buddhist Ctr. of S.C. v. Ork*, 417 S.C. 601, 606, 790 S.E.2d 430, 433 (Ct. App. 2016) ("On appeal, this [c]ourt should reverse the contempt decision only if it is without evidentiary support or the circuit court abused its discretion." (quoting *Ex parte Cannon*, 385 S.C. 643, 660, 685 S.E.2d 814, 823 (Ct. App. 2009))).

2. As to issue 4, this issue is not preserved for appellate review because it was not raised to or ruled on by the circuit court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

3. As to issue 5, the circuit court substantially complied with Rule 52(a), SCRCP. *See* Rule 52(a), SCRCP ("In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon . . . ."); *In re Treatment & Care of Luckabaugh*, 351 S.C. 122, 131, 568 S.E.2d 338, 342 (2002) ("The rule is directorial in nature so 'where a trial court **substantially complies with Rule 52(a) and adequately states the basis for the result it reaches**, the appellate court should not vacate the trial court's judgment for lack of an explicit or specific factual finding.'" (quoting *Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 123-24 (1991))).

4. As to issue 6, the circuit court did not err by awarding Boykin attorney's fees because Burton was in contempt and his willful failure to comply with the order resulted in additional costs. *See Ex parte Cannon*, 385 S.C. at 667, 685 S.E.2d at 827 ("Courts, by exercising their contempt power, can award [attorneys'] fees under a compensatory contempt theory." (alteration in original) (quoting *Cheap-O's Truck Stop, Inc. v. Cloyd*, 350 S.C. 596, 609, 567 S.E.2d 514, 520 (Ct. App. 2002))).

5. As to issue 7, we find this issue is without merit. There is evidence to support the circuit court's award of interest. Specifically, Boykin filed an affidavit on March 13, 2019—two months before the hearing—attesting he had been trying to close on the property since May 11, 2018, when he borrowed the additional money needed to close. He further attested he had paid $1,893.57 in interest unnecessarily at that time. Additionally, following the contempt hearing, Boykin's attorney filed an affidavit of attorney's fees and an updated amount of interest—$2,138.34— which is the amount of interest the circuit court awarded.

6. As to issue 8, this issue is not preserved for appellate review because it was not raised to or ruled on by the circuit court. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.