**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Estate of David Greene, Appellant,

v.

MT Investments, LLC, Lakewood Capital Group, LLC, Marina Bay Property Owners Association, Inc., and John Doe(s), Members of MT Investments, LLC, Defendants,

Of Which MT Investments, LLC, Lakewood Capital Group, LLC, and John Doe(s), Members of MT Investments, LLC are the Respondents.

Appellate Case No. 2022-001453

———————

Appeal From Oconee County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-093
Submitted February 1, 2025 – Filed March 19, 2025

———————

**AFFIRMED**

———————

Bryan De Bruin, of De Bruin Law Firm, LLC, of Greenville, for Appellant.

Bernie W. Ellis, of Burr & Forman LLP, of Greenville, for Respondents.

———————

**PER CURIAM:** The Estate of David Greene (Appellant) appeals the trial court's order granting summary judgment to MT Investments, LLC, Lakewood Capital Group, LLC, and John Doe(s), Members of MT Investments, LLC (collectively, Respondents). On appeal, Appellant argues the trial court erred in granting Respondents' motion for summary judgment as to Appellant's claim for negligent misrepresentation because (1) the purchase and sale contract for the subject lot did not contain a valid non-reliance clause, (2) Respondents owed Appellant a duty of care to accurately represent the type of dock able to be built on the subject lot, and (3) there was evidence of Appellant's justifiable reliance on Respondents' representation as to the type of dock that could be constructed on the subject lot. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the purchase and sale contract contained a valid non-reliance clause that defeated Appellant's claim for negligent misrepresentation. *See M & M Grp., Inc. v. Holmes*, 379 S.C. 468, 473, 666 S.E.2d 262, 264 (Ct. App. 2008) ("In reviewing an order for summary judgment, the appellate court applies the same standard which governs the trial court under Rule 56 of the South Carolina Rules of Civil Procedure."); Rule 56(c), SCRCP (stating summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law); *S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 490, 732 S.E.2d 205, 209 (Ct. App. 2012) ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 463, 892 S.E.2d 297, 301 (2023) ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." (quoting *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013)). Paragraph VI of the purchase and sale contract, entitled *Inspection*, specifically provided that the Purchaser of the subject lot had the opportunity to inspect the property and had "not relied and [was] not relying upon any representations, warranties, promises, covenants, agreements or guarantees of any kind whatsoever by Seller or their representatives." Paragraph VII, entitled *Special Provisions*, which was positioned just before the parties' signatures, contained a merger clause which provided the contract was the only agreement between the parties and no representations were made or relied upon that were not stated therein. Because the subject clause used the terms "rely" and "relying" to disclaim any representations about the subject lot, and it was contained in a paragraph set apart from the merger clause, we therefore hold the purchase and sale contract contained a valid non-reliance clause. *See Redwend Ltd. P'ship v. Edwards*, 354 S.C. 459, 469, 581 S.E.2d 496, 501 (Ct. App. 2003) (explaining a

non-reliance clause disclaims against representations made by either party which were not provided for in the agreement); *id.* at 471, 581 S.E.2d at 502 (finding a non-reliance clause defeats a claim for negligent misrepresentation if the clause (1) uses the terms "rely" or "reliance" and (2) is set apart from the merger clause). Further, as to Appellant's argument that the circuit court erred by finding the purchase and sale contract was "all encompassing," we hold the non-reliance clause and the merger clause of the contract control to exclude consideration of the Marina Bay Property Report (Report) supporting Appellant's negligent misrepresentation claim.

2. We hold the issue of whether Respondents owed Appellant a duty of care to accurately represent the type of dock able to be built on the subject lot is not preserved for appellate review because the trial court did not rule on this element of negligent misrepresentation, and Appellant did not file a Rule 59(e), SCRCP, motion seeking a ruling on this issue. *See Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (holding an issue is not preserved for appellate review if the trial court did not explicitly rule on the appellant's argument and appellant failed to file a Rule 59(e), SCRCP, motion to amend or alter the judgment). Moreover, as explained above, the trial court's finding as to the non-reliance clause was dispositive of this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling the appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

3. We hold Appellant failed to present any evidence regarding what David Greene (Decedent) justifiably relied upon when he purchased the subject lot. *See Holmes*, 379 S.C. at 473, 666 S.E.2d at 264 ("In reviewing an order for summary judgment, the appellate court applies the same standard which governs the trial court under Rule 56 of the South Carolina Rules of Civil Procedure."); Rule 56(c), SCRCP (stating summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law); *S. Glass & Plastics Co.*, 399 S.C. at 490, 732 S.E.2d at 209 ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."); *Kitchen Planners, LLC*, 440 S.C. at 463, 892 S.E.2d at 301 ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." (quoting *Floyd*, 403 S.C. at 477, 744 S.E.2d at 166)). Although Appellant contends the Report was evidence of Decedent's reliance on Respondents' alleged representation about the type of dock able to be built on the subject lot, the beginning of the Report stated there were no representations or guarantees as to the accuracy of the information contained therein and the information was subject to

change without notice.  The Report also provided dock permits were controlled by Duke Energy Land Management.  Moreover, the purchase and sale contract contained a merger clause stating the parties had not made or relied on representations that were not set out therein; the purchase and sale contract did not contain any provisions describing the type of dock able to be built on the subject lot.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.