**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Estate of Adell Thompson Adams

Constance Washington, Appellant,

v.

Adrian E. Adams, as Personal Representative for the Estate of Adell T. Adams, Respondent.

Appellate Case No. 2024-000234

———

Appeal From Richland County
George M. McFaddin, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-220
Submitted June 1, 2025 – Filed July 2, 2025

———

**AFFIRMED**

———

Thomas Jefferson Goodwyn, Jr., of Goodwyn Law Firm, LLC, of Columbia, for Appellant.

Soraya Martial, of Rock Hill, for Respondent.

———

**PER CURIAM:** Constance Washington appeals the circuit court's order dismissing her appeal of the probate court's order denying her creditor's claim against Adrian E. Adams, as personal representative for the Estate of Adell T.

Adams (the Estate). On appeal, Washington argues the circuit court erred in dismissing her appeal because Adams's notice of disallowance was invalid due to his failure to sign and timely file the disallowance. We affirm pursuant to Rule 220(b), SCACR.

Initially, we hold Washington's argument that Adams filed the notice of disallowance in bad faith is not preserved for appellate review because the circuit court did not rule on this issue and Washington did not file a motion to alter or amend the judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. *See Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (holding an issue is not preserved for appellate review if the circuit court did not explicitly rule on the appellant's argument and appellant failed to file a Rule 59(e) motion to alter or amend the judgment).

We further hold the circuit court did not err in dismissing Washington's appeal of the probate court's order because the notice of disallowance was valid based upon the plain language of the statute not requiring a signature and the probate court's factual findings, which were supported by the record, that the probate court extended the time for Adams to file the notice of disallowance. *See Univ. of S. Cal. v. Moran*, 365 S.C. 270, 274, 617 S.E.2d 135, 137 (Ct. App. 2005) ("An issue regarding statutory interpretation is a question of law."); *Neely v. Thomasson*, 365 S.C. 345, 350, 618 S.E.2d 884, 886 (2005) ("Questions of law . . . may be decided with no particular deference to the lower court."); *id.* at 349-50, 618 S.E.2d at 886 ("When a probate court proceeding is an action at law, the circuit court and the appellate court may not disturb the probate court's findings of fact unless a review of the record discloses there is no evidence to support them."); *Moran*, 365 S.C. at 275, 617 S.E.2d at 138 ("The cardinal rule of statutory interpretation is to determine the intent of the legislature."); *id.* at 276, 617 S.E.2d at 138 ("When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and a court must apply the statute according to its literal meaning."); *id.* ("If a statute's language is unambiguous and clear, there is no need to employ the rules of statutory construction and this [c]ourt has no right to look for or impose another meaning."); S.C. Code Ann. § 62-3-806(a) (2022) ("[W]ithin sixty days after the presentment of the claim, or within fourteen months after the death of the decedent, whichever is later, the personal representative must serve upon the claimant a notice stating the claim has been allowed or disallowed in whole or in part."); *id.* ("For good cause shown, the court may reasonably extend the time for filing the notice of allowance or disallowance of a properly filed claim."); *id.* (explaining the personal representative is only required to include a warning that the creditor's claim will be barred if she does not commence a

proceeding to allow the claim within thirty days of the mailing of the notice of disallowance).  Moreover, Washington's claim is barred because she failed to file a summons and petition for allowance within thirty days of the mailing of the notice of disallowance despite the warning on the notice of disallowance that her claim would be barred if she did not file the summons and petition within the statutory timeframe.  *See id.* ("A notice of disallowance or partial disallowance of a claim must contain a warning that the claim will be barred to the extent disallowed unless the claimant commences a proceeding for allowance of the claim in accordance with [s]ection 62-3-804(2) [of the South Carolina Code (2022)] within thirty days of the mailing or other service of the notice of disallowance or partial disallowance.  Every claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant commences a proceeding for allowance of the claim in accordance with [s]ection 62-3-804(2) not later than thirty days after the mailing or other service of the notice of disallowance or partial disallowance by the personal representative.").

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.