**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mirlene Witherspoon, Respondent,

v.

Heirs of Thomas Witherspoon, Gwendolyn Jones, Nakisha Christian, P. Kathleen Witherspoon, Pearl Martin, The South Carolina Department of Revenue, and Deborah West, Defendants,

Of which Gwendolyn Jones is the Appellant.

Appellate Case No. 2024-000664

Appeal From Clarendon County
Joseph K. Coffey, Circuit Court Judge

Unpublished Opinion No. 2026-UP-266
Submitted May 21, 2026 – Filed June 3, 2026

**AFFIRMED**

Gwendolyn Jones Dennis, of Baltimore, Maryland, pro se.

Patrick McFadden Killen, of Shuler - Killen, LLC; John Stephen Keffer, of A Business Law Firm; and Kenneth R. Young, Jr., all of Sumter, for Respondent.

**PER CURIAM:** Gwendolyn Jones Dennis appeals the circuit court's order determining she received proper service of process and finding her in default. On appeal, Dennis argues (1) the circuit court's judgment should be vacated because Respondent's complaint contained fraudulent misrepresentations regarding her residency that resulted in improper service and (2) granting default judgment without proper notice violates her rights under the Fifth and Fourteenth Amendments of the United States Constitution. We affirm pursuant to Rule 220(b), SCACR.

We hold neither argument is preserved for appellate review because neither was raised to nor ruled upon by the circuit court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (holding that where a circuit court does not explicitly rule on an argument raised, and appellant makes no Rule 59(e) motion to obtain a ruling, the appellate court may not address the issue).

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.